**LiLaw Inc.**, a Law Corporation
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
Andrew M. Pierz (SBN 292970)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff Citcon USA LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITCON USA LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RIVERPAY INC., a Canadian corporation, RIVERPAY, INC., a Delaware corporation, YUE HUA, a.k.a., YORK HUA, an individual, KENNY E SHI, an individual, HANG "HANK" MIAO, an individual, and DOES 1 through 20,<br><br>Defendants. | **Case No. 5:18-cv-02585-NC**<br><br>**FIRST AMENDED COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF DUTY OF LOYALTY, DEFAMATION, COMPUTER FRAUD, INTENTIONAL INTERFERENCE WITH CONTRACTS AND PROSPECTIVE ECONOMIC RELATIONS, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |


Plaintiff Citcon USA LLC ("Citcon"), by and through their attorneys of record, hereby complains and alleges against Defendants RiverPay Inc., a Canadian corporation and RiverPay, Inc., a Delaware corporation (collectively "RiverPay"), Yue "York" Hua ("Hua"), Kenny E. Shi ("Shi"), Hang "Hank" Miao ("Miao"), and Does 1 through 20 (collectively "Defendants") as follows:

## PARTIES AND NATURE OF ACTION

1. Plaintiff is a limited liability company organized under the laws of California having its principal place of business in Santa Clara, CA 95054-1283.

2. On information and belief, Defendant RiverPay Inc. is a corporation organized under the laws of the Canada Business Corporations Act with its principal place of business at 5100 Orbitor Dr., Mississauga ON L4W 5R8, Canada.

3. On information and belief, the U.S. subsidiary RiverPay, Inc. is a fully owned subsidiary of the Canadian company RiverPay, Inc. and is organized under the laws of the State of Delaware and with its principal place of business in Silicon Valley, California and Houston, Texas. The Canadian parent company and the U.S. subsidiary are hereinafter collectively referred to as "RiverPay" unless specified otherwise.

4. On information and belief, Defendant Hua is an individual currently residing in the State of Texas or Canada.

5. On information and belief, Defendant Shi is an individual currently residing in California.

6. On information and belief, Defendant Miao is an individual residing in Canada.

7. This is an Action for misappropriation of trade secrets, breach of duty of loyalty, defamation, tortious interference with contract and prospective economic relations, violations of the Federal Computer Fraud and Abuse Act and California Wiretapping Act, California Computer Crime Law, and Federal Communication Privacy Acts, and unfair competition.

## JURISDICTION AND VENUE

8. This court has personal jurisdiction over the RiverPay Corporate defendants because they committed intentional torts directed at a California company which is part of the claims of the



1            Case No. 5:18-cv-02585-NC
FIRST AMENDED COMPLAINT

case.

9. This court has personal jurisdiction over Defendant Hua because he committed intentional torts on a California company while he was a California resident and an employee of a California company.

10. This Court has personal jurisdiction over Defendant Shi, a California resident.

11. This Court has personal jurisdiction over Defendant Miao, because he committed the intentional torts which give rise to this complaint on a California company while he was a California resident.

12. The venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims in this case occurred in this district.

13. This court has subject matter jurisdiction over the federal statutory claims for trade secret misappropriation, computer fraud and abuse, and communications private as the resolution of these claims involves significant federal questions.

14. This court has supplemental jurisdiction over state law claims.

## GENERAL ALLEGATIONS

15. Citcon is a California limited liability corporation founded in 2015 that specializes in providing services to merchants in the United States to make it easier for merchants to accept payments through major Chinese mobile payment systems (the "Payment Systems") which are extremely popular in China with a growing presence in the United States.

16. Citcon is the largest supplier of these payment services in the United States and their clients include many large tourism-oriented companies.

17. Defendant RiverPay was founded on or about March 2017 and offers competing services to merchants and companies for the Payment Systems.

18. Defendant York Hua was Citcon's former Head of Operations and Products. Hua departed Citcon and started working for RiverPay in June 2017. On information and belief, Hua is a co-founder of RiverPay.



19. Defendant Kenny Shi was, until recently, the Vice President of Engineering of Citcon. Shi currently is working for RiverPay.

20. When Hua left Citcon for RiverPay, on information and belief, Hua took with him Citcon's source code and other technical information. Hua also took with him Citcon's Point-of-Sales ("POS") device or devices which contain confidential code of Citcon. Hua so far has refused to return the POS devices.

21. After leaving Citcon for RiverPay in June 2017, Hua attempted to solicit several employees away from Citcon and induce them to work for RiverPay.

22. During one of the soliciting telephone calls that Hua made to Citcon's employees, Hua stated that RiverPay was very angry with Citcon's report of its unlawful payment operation in the US market and would punish Citcon with "10 times revenge." Hua was referring to an incident where Citcon uncovered deceptive payment practices by RiverPay, which Citcon reported to one of the Payment Systems. As a result of that report, the Payment System investigated RiverPay. It was obvious at the time that someone inside Citcon had tipped off Hua and RiverPay about Citcon's report of RiverPay's deceptive trade practices to the Payment System.

23. Hua also bragged that RiverPay could access and track all the current confidential account information of Citcon. He said it would be very hard for Citcon to compete with RiverPay because RiverPay was "in the dark" while Citcon "in the light," and RiverPay knew every move of Citcon.

24. Around the time when Hua was calling Citcon employees to solicit them to join RiverPay, Kenny Shi resigned from Citcon – on or about December 15, 2017.

25. Shortly after Hua's telephone calls to Citcon's employees and Shi's resignation, on or about December 21, 2017, several Citcon clients received an email from a fictitious person identifying himself as "Terry Liu," sent from clown_111@126.com.

26. In this email "Terry Liu" claims that Citcon's servers are unprotected and that he has successfully downloaded Citcon's private transaction data, as well as the personal information of customers such as birthdays and bank account information.

27. Citcon immediately checked its security system but did not find any evidence of

hacking. A related parallel event, however, revealed the source of security breach being an "inside job" engineered by Hua and Shi.

28. Hua used to work directly under Shi in Citcon. They became good friends. When Hua was leaving Citcon, his coding work was completely transitioned to Shi. Upon learning of Shi's resignation on December 15, 2018, Citcon's management started to transition Shi's work, which included the control of the company's entire source code base. During the transition, Citcon's management discovered a data backup system that copied Citcon's confidential information onto a Dropbox account. Upon questioning, Shi admitted the existence of a segment of the source code that uses a token to access a Dropbox account, and automatically backup the confidential information into the Dropbox account. Shi said he did not know how to decipher the token and he said the account was probably created by Hua when Hua was still working for Citcon.

29. Recently, through several months of effort, Citcon's engineers finally deciphered the token that was used to create the backup Dropbox account; it was Shi who created this Dropbox account in September 2016 using his Citcon email address, kenny.shi@citcon-inc.com, and it was also Shi who created a "sharable link" for the Dropbox account which allows others to view the confidential information. As a security expert, Shi created this secret backup system and its sharable link not to benefit Citcon's operation, but to construct a secret channel to allow outside access of Citcon's confidential information. When the account was discovered upon Shi's departure from Citcon, Shi lied about his role in creating the account and the sharable link to the account.

30. Hua, Shi, and RiverPay conspired to misappropriate Citcon's trade secrets. On information and belief, when Hua was still working for Citcon, he colluded with Shi and others to misappropriate Citcon's customer and technical secrets for the benefit of RiverPay. After Hua left Citcon, Shi continued to feed Hua Citcon's confidential information from inside Citcon. Then, in September 2017, Shi created the sharable link to the secret Dropbox backup account, in collusion with Hua, to prepare for his exit from Citcon. The Dropbox backup account was set up to be accessible from outside Citcon by Hua, Shi, and others, using the sharable link to the account that Shi created. This secret channel gave them access to the confidential information of Citcon. These large bodies of confidential customer information that Hua, Shi and RiverPay accessed without



authorization by Citcon are Citcon's trade secrets.

31. On information and belief, Hua and RiverPay indeed accessed Citcon's customers information through this secret conduit after Hua had left Citcon.

32. On information and belief, "Terry Liu" is an alias created by Hua in collusion with Shi and RiverPay.

33. On information and belief, Defendant Shi also secretly worked for RiverPay to undermine the interest of Citcon. It has recently come to Citcon's attention that, while he was working for Citcon as its Vice President, Shi had his own consulting company named Risk Zero Technologies. Shi has admitted that he knew all six founders/executives of RiverPay. On or near his last day with Citcon, Shi also downloaded voluminous confidential information of the company.

34. On information and belief, shortly after Shi left Citcon, he started to work with York and RiverPay, using Citcon's confidential information to help RiverPay compete with Citcon.

35. During this time, Citcon extended an offer of employment to Defendant Hang "Hank" Miao after he applied for an open position as a software engineer. Miao did not accept the offer, but word of his application at Citcon got back to his current employer.

36. On or about October 15, 2017, after Hua had left RiverPay and was working with Shi to steal its trade secrets, a pseudonymous article titled *How My Life Was Ruined By A Silicon Valley Startup And Former PayPal & Uber Execs* by a "Hank M" was published on a well-known blog focusing on technology. On information and belief, the author of this article is Defendant Miao.

37. The article wastes no time in libeling Citcon and slings easily verifiable falsehoods such as claiming that Citcon employs only a single engineer, that it offers below average salaries, and that it is misrepresenting its work with large companies.

38. On information and belief, Hua and Shi, in collusion with RiverPay, sponsored and promoted the online article.

39. Soon after Citcon filed its initial complaint in this lawsuit, on information and belief search engine optimization techniques were used to ensure that this article, despite being over seven months old, appeared in the first page of search results for "Citcon" on Google Search.

40. Though the article no longer appears under the auspices of the blog, it remains on

Miao's own page where it continues to damage Citcon's credibility and reputation. The claims in the article focus on disparaging the work environment of Citcon and such statements are especially damaging to a company trying to recruit engineers in the highly competitive environment of Silicon Valley.

## COUNT ONE

### Misappropriation of Trade Secrets under 18 U.S.C. § 1836 *et seq.*
### (Against defendants RiverPay, Hua, and Shi)

41. Citcon re-alleges the allegations of foregoing paragraphs as if fully set forth herein.

42. Citcon owns and possesses certain confidential, proprietary and trade secret information, including, but not limited to customer data, transaction fee schedules, transaction data, and software code.

43. This confidential, proprietary, and trade secret information relates to products and services used, sold, shipped and ordered in, or intended to be used, sold, shipped and ordered in, interstate commerce.

44. Citcon has taken reasonable measures to keep such information secret and confidential by, among other things, limiting access to its trade secret information, guarding electronic access points to the information, and implementing employment policies requiring employees to abide by confidentiality agreements to Citcon.

45. This confidential, proprietary, and trade secret information derives independent economic value, both actual and potential, from not being generally known to other persons or businesses who could obtain economic value from its disclosure or use.

46. Defendants acquired Citcon's trade secret information in the improper and unlawful manner as alleged herein.

47. As a direct and proximate result of Defendants' conduct as alleged herein, Citcon has suffered damages in an amount to be proven at trial but which exceeds millions of dollars.

48. Defendants' misappropriation of Citcon's trade secret information was willful and malicious, further entitling Citcon to recover exemplary damages and its attorneys' fees and costs.

49. On information and belief, if Defendants' conduct is not remedied, and if Defendants



are not enjoined, Defendants will continue to misappropriate, disclose, and use for their own benefit and to Citcon's detriment Citcon's trade secret information.

50. Because Citcon's remedy at law is inadequate, Citcon seeks, in addition to damages, preliminary and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and other legitimate business interests. Injunctive relief is necessary to eliminate the commercial advantage that otherwise would be derived from Defendants' continued misappropriation of Citcon trade secret information.

## COUNT TWO

**Misappropriation of Trade Secrets under California Civil Code § 3426.1 *et seq.***
**(Against defendants RiverPay, Hua, and Shi)**

51. Citcon re-alleges the allegations of foregoing paragraphs as if fully set forth herein.

52. Defendants are "Persons" under Cal. Civ Code § 3426.1(c).

53. Citcon owns and possesses certain confidential, proprietary and trade secret information, including, but not limited to customer data, transaction fee schedules, transaction data, and software code.

54. Citcon has taken reasonable measures to keep such information secret and confidential by, among other things, limiting access to its trade secret information, guarding electronic access points to the information, and implementing employment policies requiring employees to abide by confidentiality agreements to Citcon.

55. This confidential, proprietary, and trade secret information derives independent economic value, both actual and potential, from not being generally known to other persons or businesses who could obtain economic value from its disclosure or use.

56. Defendants misappropriated Citcon's trade secret information in the improper and unlawful manner as alleged herein.

57. As a direct and proximate result of Defendants' conduct as alleged herein, Citcon has suffered damages in an amount to be proven at trial but which exceeds millions of dollars.

58. Defendants' misappropriation of Citcon's trade secret information was willful and malicious, further entitling Citcon to recover exemplary damages and its attorneys' fees and costs.



59. On information and belief, if Defendants' conduct is not remedied, and if Defendants are not enjoined, Defendants will continue to misappropriate, disclose, and use for their own benefit and to Citcon's detriment Citcon's trade secret information.

60. Because Citcon's remedy at law is inadequate, Citcon seeks, in addition to damages, preliminary and permanent injunctive relief to recover and protect its confidential, proprietary, and trade secret information and other legitimate business interests. Injunctive relief is necessary to eliminate the commercial advantage that otherwise would be derived from Defendants' continued misappropriation of Citcon trade secret information.

## COUNT THREE
**Breach of Duty of Loyalty**
**(Against defendants RiverPay, Hua, and Shi)**

61. Citcon re-alleges the allegations of foregoing paragraphs above as if fully set forth herein.

62. As managers of Citcon, Hua and Shi owed Citcon their undivided loyalty and were obligated to act with the utmost good faith, and in the best interest of Citcon. Citcon, in turn, was entitled to place its trust and confidence in Hua and Shi and expect them to act with the utmost good faith toward Citcon in carrying out the business of Citcon. Citcon relied on these individuals' loyalty and integrity and their faithful performance of their duties and responsibilities.

63. During the course of their employment with Citcon, Hua and Shi breached their duty of loyalty by colluding to compete with Citcon, to misappropriate Citcon's trade secrets, and to set up a secret channel to access Citcon's sales information without authorization.

64. On information and belief, Hua and Shi acted in collusion with RiverPay to set up the secret conduit. Both Hua and Shi are currently working for RiverPay using Citcon's confidential information.

65. Defendants acted willfully and maliciously in the breach of duty of loyalty.

66. Defendants' breach of duty of loyalty has caused significant damages to Citcon.

67. Citcon is also entitled to recover salary and other compensation that Hua and Shi received as Citcon's employees.



## COUNT FOUR
### Defamation and Trade Libel
### (Against All Defendants)

68. Citcon re-alleges the allegations of foregoing paragraphs above as if fully set forth herein.

69. Hua, in collusion with Shi and RiverPay, and through the pseudonym "Terry Liu," sent emails to clients of Citcon, which contained the false statements that Citcon's system was insecure and easily hacked and Citcon's system had been hacked, while in fact Hua and Shi accessed Citcon's confidential information through the secret Dropbox conduit that Shi set up from inside Citcon.

70. Because of the facts and circumstances known to the customers of Citcon, the statements tended to injure Citcon in their occupation and expose them to hatred, contempt, ridicule, or shame and discourage others from associating or dealing with Citcon, by alleging that Citcon could not be trusted with sensitive customer information.

71. Additionally, Hua and Shi, in collusion with RiverPay, sponsored and promoted an online article authored by Miao which contained false and defamatory statements against Citcon. The article falsely stated that the facts surrounding a job offer made by Citcon to Miao. Hua and Shi, in collusion with RiverPay, have engaged in maneuver to artificially promote the ranking of the article on Google search with the specific purpose of damaging Citcon's reputation.

72. As a result of Defendants' defamation and trade libel, Citcon has suffered reputational damages and damages to its business goodwill.

73. Because Citcon's remedy at law is inadequate, Citcon seeks, in addition to damages, preliminary and permanent injunctive relief to recover and protect its reputation. Injunctive relief is necessary to eliminate the commercial advantage that otherwise would be derived from Defendants' continued defamation of Citcon.

## COUNT FIVE
### Computer Fraud under 18 U.S.C. § 1030 *et seq*
### (Against defendants RiverPay, Hua, and Shi)



74. Citcon re-alleges the allegations of foregoing paragraphs through above as if fully set forth herein.

75. Hua and Shi, in collusion with RiverPay, placed a secret conduit inside Citcon's computer systems to automatically save confidential information from such computer systems into a Dropbox account. Hua and Shi created the account for their access of the information outside Citcon to the detriment of the company and for the benefit of RiverPay.

76. Hua and Shi had no authority to secretly access Citcon's computer system through the Dropbox account to circumvent the company security system. In essence, Hua and Shi created a cloud drive for Citcon's computer system which sits outside the firewall of the computer system for their unauthorized access.

77. Both Hua and Shi accessed the unauthorized cloud drive of Citcon's computer system that they secretly created. By such accesses, RiverPay has obtained much confidential business information of Citcon, which has been used by RiverPay competitively against Citcon, causing significant amount of damages to Citcon.

78. Citcon's damages caused by Hua's unauthorized accesses to its computer system exceeds the $5,000 damage threshold under 18 U.S.C. § 1030(c)(4)(i)(I) for private civil action under subsection (g), although the exact amount of the damages is to be determined at trial.

## COUNT SIX
### Illegal Wiretaps under Cal. Penal Code §§ 631, 637.2
### (Against defendants RiverPay, Hua, and Shi)

79. Citcon re-alleges the allegations of foregoing paragraphs as if fully set forth herein.

80. Defendants' concerted efforts to "tap" the confidential communications between Citcon and its customers by channeling the communications to a secret Dropbox account for their authorized access violates California Penal Code § 631.

81. Such penal code violation is subject to private civil action under California Penal Code § 637.2.

82. Defendants acted knowingly and willfully in the wiretapping.

83. Plaintiffs have suffered damages which shall be triply compensated under Penal Code



§ 637.2.

## COUNT SEVEN

**Computer Crimes under Cal. Penal Code §§ 502(c)&(e)**
**(Against defendants RiverPay, Hua, and Shi)**

84. Citcon re-alleges the allegations of foregoing paragraphs as if fully set forth herein.

85. Defendants' concerted efforts to build a secret conduit to channel Citcon's confidential information to the Dropbox account for their unauthorized use is a computer crime in violation of Penal Code § 502(c) and is actionable under Cal. Penal Code § 502(e).

86. Citcon has suffered damages due to Defendants' computer crime, including reputational damages, lost profits, and the added expenses for having to investigate and plug the secret conduit.

87. Defendants acted willfully and maliciously. The Court shall award punitive or exemplary damages under Penal Code 502(e)(4).

88. The Court shall award reasonable attorney's fees under Penal Code 503(e)(2).

## COUNT EIGHT

**Violation of Federal Communication Privacy Acts**
**(Against defendants RiverPay, Hua, and Shi)**

89. Citcon re-alleges the allegations of foregoing paragraphs as if fully set forth herein.

90. Defendants' concerted efforts to channel confidential communications between Citcon and its customers via the secret conduit to the Dropbox account are illegal under the Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 et seq.

91. To the extent that the information diverted to the Dropbox account are information stored in Citcon's computer systems, Defendants' action violated the Stored Communications Act, 18 U.S.C. § 2701 et seq.

92. Citcon has suffered damages due to Defendants' violation of the federal communication privacy laws, including reputational damages, lost profit, and the added expense for investigating and remedying the secret conduit. Citcon is entitled to recover its civil damages as well as attorney fees and costs under 18 U.S.C. § 2520 and 18 U.S.C. § 2707.

93. Defendants acted willfully and maliciously. The Court should award punitive or



exemplary damages under 18 U.S.C. § 2520.

## COUNT NINE

**Intentional Interference with Contractual Relations**
**(Against defendants RiverPay, Hua, and Shi)**

94. Citcon re-alleges the allegations of foregoing paragraphs above as if fully set forth herein.

95. There are established contracts between Citcon and its customers for the customers' use of Citcon's payment services.

96. Defendants knew the existence of the contracts between Citcon and its customers.

97. Defendants sent emails to Citcon's customers to falsely state that Citcon's payment system was easily hacked and had been hacked, with the intent to dispute the performance of the contracts between Citcon and its customers.

98. Defendants' action has made the performance of Citcon's contract with its customers more expensive and/or difficult, which has harmed Citcon economically.

## COUNT TEN

**Intentional Interference with Prospective Economic Relations**
**(Against defendants RiverPay, Hua, and Shi)**

99. Citcon re-alleges the allegations of foregoing paragraphs above as if fully set forth herein.

100. Defendants also sent the defamatory emails to several prospective customers with which Citcon was negotiating long-term payment service deals. Defendants targeted these third parties because they knew Citcon was in the middle of negotiating the deals with these third parties. By sending these third parties the defamatory emails against Citcon, Defendants intended to disrupt the prospective economic relationship between Citcon and these third parties.

101. Defendants indeed disrupted the prospective economic relationship with some of these third parties, which has caused significant economic damages to Citcon.

## COUNT ELEVEN

**Unfair Competition under Cal. Bus. and Prof. Code §17200 *et seq***
**(Against defendants RiverPay, Hua, and Shi)**



102. Citcon re-alleges the allegations of foregoing paragraphs, excluding paragraphs 39-47, as if fully set forth herein.

103. Defendants' conduct is unlawful, unfair, and fraudulent business practices in violation of the unfair competition law of California, Cal. Bus. and Prof. Code §17200.

104. As a result of Defendants' acts, Citcon has suffered harm and is entitled to recover damages, the exact amount to be determined at trial.

## PRAYER FOR RELIEF

105. WHEREFORE, Plaintiff prays for relief against Defendants that the Court shall
    a. Impose preliminary and permanent injunction against Defendants;
    b. Award compensatory damages according to the proof;
    c. Award punitive and exemplary damages to deter similar wrongdoings;
    d. Award prejudgment interest at the maximum legal rate as allowed by the law;
    e. Award reasonable attorney's fees according to the proof;
    f. Award costs of suit herein incurred; and
    g. Award such other and further relief as the Court may deem proper.

## JURY DEMAND

106. Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: May 18, 2018    **LiLaw Inc.**

By   /s/ J. James Li

J. James Li, Ph.D.
Attorneys for Plaintiff Citcon USA LLC

