**LiLaw Inc.**, a Law Corporation
J. James Li, Ph.D. (SBN 202855, lij@lilaw.us)
Tony Abdollahi (SBN 157235)
Andrew M. Pierz (SBN 292970)
5050 El Camino Real, Suite 200
Los Altos, California 94022
Telephone: (650) 521-5956
Facsimile: (650) 521-5955

Attorneys for Plaintiff and Counter-Defendant Citcon USA LLC, and Counter-Defendant Wei Jiang

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CITCON USA LLC,

Plaintiff,

vs.

RIVERPAY INC., a Canadian corporation, RIVERPAY, INC., a Delaware corporation, YUE HUA, a.k.a., YORK HUA, an individual, KENNY E SHI, an individual, HANG "HANK" MIAO, an individual, and DOES 1 through 20,

Defendants.

RIVERPAY INC., a Canadian corporation, RIVERPAY, INC., a Delaware corporation, and KENNY E. SHI, an individual,

Counter-Claimants,

vs.

CITCON USA, LLC, a California limited liability company, WEI JIANG, an individual, and DOES 1 through 20,

Counter-Defendants

**Case No. 5:18-cv-02585-NC**

**COUNTER-DEFENDANTS CITCON USA LLC AND WEI JIANG'S ANSWER TO COUNTERCLAIMS**

**DEMAND FOR JURY TRIAL**



Counter-Defendants Citcon USA LLC ("Citcon") and Wei Jiang ("Jiang") (collectively "Counter-defendants") hereby answer Counter-claimants RiverPay Inc., a Canadian corporation and RiverPay, Inc., a Delaware corporation (collectively "RiverPay") and Kenny E. Shi ("Shi") (collectively "Counter-claimants")'s Counterclaims as follows:

**INTRODUCTION**

1. In response to Paragraph 1 of the Counterclaim, denied.

**THE PARTIES**

2. In response to Paragraph 2 of the Counterclaim, on information and belief, admitted.

3. In response to Paragraph 3 of the Counterclaim, on information and belief, admitted.

4. In response to Paragraph 4 of the Counterclaim, on information and belief, admitted.

5. In response to Paragraph 5 of the Counterclaim, admitted.

6. In response to Paragraph 6 of the Counterclaim, admitted.

7. In response to Paragraph 7 of the Counterclaim, denied.

8. In response to Paragraph 8 of the Counterclaim, denied.

**JURISDICTION AND VENUE**

9. In response to Paragraph 9 of the Counterclaim, on information and belief, admitted.

10. In response to Paragraph 10 of the Counterclaim, Counter-defendants admit the Court has personal jurisdiction over Citcon.

11. In response to Paragraph 11 of the Counterclaim, Counter-defendants admit the Court has personal jurisdiction over Wei.

12. In response to Paragraph 12 of the Counterclaim, Counter-defendants admit that venue is proper in this Court.

13. In response to Paragraph 13 of the Counterclaim, Counter-defendants admit that venue is proper in this Court.

**GENERAL ALLEGATIONS**

14. In response to Paragraph 14 of the Counterclaim, on information and belief, Counter-defendants admit that RiverPay Canada was founded in 2017 and is headquartered in Canada and that RiverPay USA is headquartered in Newark, California. As to the remaining allegations in this



paragraph, Cross-defendants are without sufficient knowledge or information to form a belief as to the truth therein, and on this basis deny.

15. In response to Paragraph 15 of the Counterclaim, on information and belief, Counter-defendants admit that RiverPay provides a "payment processing channel" based on trade secret information misappropriated from Citcon. As to the remaining allegations in this paragraph, denied.

16. In response to Paragraph 16 of the Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on this basis, deny.

17. In response to Paragraph 17 of the Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on this basis, deny.

18. In response to Paragraph 18 of the Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on this basis, deny.

19. In response to Paragraph 19 of the Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on this basis, deny.

20. In response to Paragraph 20 of the Counterclaim, Counter-defendants admit that RiverPay misappropriated Citcon's trade secrets to illegally compete with the latter, and that Wei and Chunbo Huang are officers of the company. Except as admitted herein, Cross-defendants deny the remaining allegations in the paragraph.

21. In response to Paragraph 21 of the Counterclaim, denied.

22. In response to Paragraph 22 of the Counterclaim, denied.

23. In response to Paragraph 23 of the Counterclaim, denied.

24. In response to Paragraph 24 of the Counterclaim, denied.

25. In response to Paragraph 25 of the Counterclaim, denied.

26. In response to Paragraph 26 of the Counterclaim, denied.

27. In response to Paragraph 27 of the Counterclaim, denied except for the fact that Wei



recorded a video of failed attempt to use a well-known payment app through RiverPay.

28. In response to Paragraph 28 of the Counterclaim, Counter-defendants does not have sufficient knowledge as to the alleged fact that RiverPay began processing payments by WK Payment App in or around November 2017 and for that reason deny the same. Cross-defendants deny the remaining allegations in the paragraph.

29. In response to Paragraph 29 of the Counterclaim, denied except for the fact that Cross-defendants sent the video of RiverPay payment system to the well-known payment system and the latter launched an investigation of RiverPay.

30. In response to Paragraph 30 of the Counterclaim, denied.

31. In response to Paragraph 31 of the Counterclaim, denied.

32. In response to Paragraph 32 of the Counterclaim, denied.

33. In response to Paragraph 33 of the Counterclaim, denied.

34. In response to Paragraph 34 of the Counterclaim, denied.

35. In response to Paragraph 35 of the Counterclaim, denied.

36. In response to Paragraph 36 of the Counterclaim, denied.

37. In response to Paragraph 37 of the Counterclaim, on information and belief, denied.

38. In response to Paragraph 38 of the Counterclaim, denied.

39. In response to Paragraph 39 of the Counterclaim, denied.

40. In response to Paragraph 40 of the Counterclaim, denied.

41. In response to Paragraph 41 of the Counterclaim, admitted.

42. In response to Paragraph 42 of the Counterclaim, admitted.

43. In response to Paragraph 43 of the Counterclaim, admitted.

44. In response to Paragraph 44 of the Counterclaim, admitted.

45. In response to Paragraph 45 of the Counterclaim, Cross-defendants admit pursuant to the ECIA Agreement, the first one-fourth, or 150,000, of the 600,000 shares were due to vest on or about September 1, 2017, subject to restrictions as stated therein. Except as admitted herein, Cross-defendants deny the remaining allegations in the paragraph.

46. In response to Paragraph 46 of the Counterclaim, Cross-defendants admit under



Section 7 the ECIA Agreement, Citcon was required to deliver to Shi "evidence of book entry Shares with respect to shares of Capital Interest in respect of which the restrictions have lapsed pursuant to Section 3," "as soon as practicable following the date on which the restrictions on such Capital Interest have lapsed, free of all restrictions hereunder," but subject to the restrictions set forth in the agreement.

47. In response to Paragraph 47 of the Counterclaim, admitted.

48. In response to Paragraph 48 of the Counterclaim, denied.

49. In response to Paragraph 49 of the Counterclaim, denied.

**FIRST CLAIM – TRADE LIBEL**

50. In response to Paragraph 50 of the Counterclaim, Counter-defendants incorporate by reference of the proceeding paragraphs of the Answer.

51. In response to Paragraph 51 of the Counterclaim, denied.

52. In response to Paragraph 52 of the Counterclaim, denied.

53. In response to Paragraph 53 of the Counterclaim, denied.

54. In response to Paragraph 54 of the Counterclaim, denied.

55. In response to Paragraph 55 of the Counterclaim, denied.

56. In response to Paragraph 56 of the Counterclaim, denied.

**SECOND CLAIM - DEFAMATION**

57. In response to Paragraph 57 of the Counterclaim, Counter-defendants incorporate by reference of the proceeding paragraphs of the Answer..

58. In response to Paragraph 58 of the Counterclaim, denied.

59. In response to Paragraph 59 of the Counterclaim, denied.

60. In response to Paragraph 60 of the Counterclaim, denied.

61. In response to Paragraph 61 of the Counterclaim, denied.

62. In response to Paragraph 62 of the Counterclaim, denied.

63. In response to Paragraph 63 of the Counterclaim, denied.

**THIRD CLAIM – INTERFERENCE WITH CONTRACTUAL RELATIONS**

64. In response to Paragraph 64 of the Counterclaim, Counter-defendants incorporate by



reference of the proceeding paragraphs of the Answer.

65. In response to Paragraph 65 of the Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on this basis, deny.

66. In response to Paragraph 66 of the Counterclaim, denied.

67. In response to Paragraph 67 of the Counterclaim, denied.

68. In response to Paragraph 68 of the Counterclaim, denied.

69. In response to Paragraph 69 of the Counterclaim, denied.

70. In response to Paragraph 70 of the Counterclaim, denied.

**FOURTH CLAIM – INTENTIONAL INTEREFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

71. In response to Paragraph 71 of the Counterclaim, Counter-defendants incorporate by reference of the proceeding paragraphs of the Answer.

72. In response to Paragraph 72 of the Counterclaim, Counter-defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on this basis, deny.

73. In response to Paragraph 73 of the Counterclaim, denied.

74. In response to Paragraph 74 of the Counterclaim, denied.

75. In response to Paragraph 75 of the Counterclaim, denied.

76. In response to Paragraph 76 of the Counterclaim, denied.

77. In response to Paragraph 77 of the Counterclaim, denied.

**FIFTH CLAIM – UNFAIR COMPETITION (BUS. & PROF. CODE § 17200)**

78. In response to Paragraph 78 of the Counterclaim, Counter-defendants incorporate by reference of the proceeding paragraphs of the Answer.

79. In response to Paragraph 79 of the Counterclaim, denied.

80. In response to Paragraph 80 of the Counterclaim, denied.

81. In response to Paragraph 81 of the Counterclaim, denied.

82. In response to Paragraph 82 of the Counterclaim, denied.



**SIXTH CLAIM – BREACH OF CONTRACT**

83. In response to Paragraph 83 of the Counterclaim, Counter-defendants incorporate by reference of the proceeding paragraphs of the Answer.

84. In response to Paragraph 84 of the Counterclaim, Counter-defendants admit that Shi entered into a written contract with Citcon.

85. In response to Paragraph 85 of the Counterclaim, denied.

86. In response to Paragraph 86 of the Counterclaim, Counter-defendants admit that, subject to restrictions contained in therein, the ECIA Agreement requires Citcon to deliver to Shi "evidence of book entry Shares with respect to shares of Capital Interest in respect of which the restrictions have lapsed pursuant to Section 3," "as soon as practicable following the date on which the restrictions on such Capital Interest have lapsed, free of all restrictions hereunder."

87. In response to Paragraph 87 of the Counterclaim, denied.

88. In response to Paragraph 88 of the Counterclaim, admitted.

89. In response to Paragraph 89 of the Counterclaim, denied.

90. In response to Paragraph 90 of the Counterclaim, denied.

**SEVENTH CLAIM – BREACH OF CONVENANT OF GOOD FAITH AND FAIR DEALING**

91. In response to Paragraph 91 of the Counterclaim, Counter-defendants incorporate by reference of the proceeding paragraphs of the Answer.

92. In response to Paragraph 92 of the Counterclaim, Counter-defendants deny that any putative agreement with Cross-claimants was breached, including any putative implied covenant of good faith and fair dealing. Counter-defendants deny each and every allegation in this paragraph.

93. In response to Paragraph 93 of the Counterclaim, denied.

94. In response to Paragraph 94 of the Counterclaim, denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

95. Counter-defendants allege that the Counterclaim fails to allege any valid cause of action against Counter-defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

96. Counter-defendants allege that Counter-claimants are barred from obtaining any recovery in this case by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

97. Counter-defendants allege that the Counterclaim and each purported claim therein are barred in whole or in part because Counter-claimants, by their own conduct, waived any objections to the matters of which Counter-claimants now complain.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

98. Counter-defendants allege that Counter-claimants' claims, and each of them, are barred by the doctrine of estoppel by reason of Counter-claimants' knowledge, statements, and conduct.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

99. Counter-defendants are informed and believe that Counter-claimants have unreasonably delayed in asserting the claims set forth in the Counterclaim, all to the prejudice of Counter-defendants, and for this reason, all such claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

100. Counter-defendants allege that the contracts referred to in the Counterclaim were breached by Counter-claimants in that Counter-claimants failed to fully perform all terms, conditions, covenants, and promises to be performed on Counter-claimants' part, thereby excusing the performance of Counter-defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

101. Counter-defendants allege that Counter-claimants have failed to exercise reasonable



care and diligence to avoid loss and to avoid damages, and therefore may not recover for losses, if any, which could have been prevented by reasonable efforts on Counter-claimants' own part, or by expenditures that might reasonably have been made.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds)**

102. Counter-defendants allege that to the extent Counter-claimants have failed to comply with the statute of frauds, the statute of frauds bars all claims based on the alleged contract.

**NINTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Available)**

103. Counter-defendants allege that punitive damages are not available against Counter-defendants as a matter of law.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

104. Counter-defendants allege that Counter-claimants were unjustly enriched.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Fraudulent and Inequitable Conduct)**

105. Counter-defendants allege that the Counterclaim and each purported claim for relief therein are barred in whole or in part by Counter-claimants' fraudulent and inequitable conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Offset)**

106. Counter-defendants allege that in the event that any damages are awarded to Counter-claimants, such damages are to be offset by the amounts which Counter-defendants have been damaged, owed, and/or unpaid by Counter-claimants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

107. Counter-defendants allege that to the extent that Counter-claimants' claims were not filed within the time set by law, they are barred by the applicable statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**



**(Consent)**

108. Counter-defendants allege that its acts as alleged in the Counterclaim were done, if at all, with the ratification, full consent, knowledge, participation, and concurrence of Counter-claimants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Impossibility and Frustration)**

109. Counter-defendants allege that any duty or obligation on the part of Counter-claimants was rendered impossible to perform due to the acts and/or omissions of Counter-claimants, and that the Counterclaim and each purported claim therein are barred in whole or in part because of the doctrines of impossibility of performance and frustration of purpose.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Complete Performance)**

110. Counter-defendants allege that it has appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Counterclaim.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Excuse)**

111. Counter-defendants allege that any duty or performance by Counter-defendants is excused by reason of Counter-claimants' failure of consideration, waiver, breach of contractual terms, failure to perform the condition precedent, impossibility of performance, prevention of performance, frustration of purpose, and/or acceptance.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Damage)**

112. Counter-defendants allege that Counter-claimants did not sustain any cognizable damages whatsoever, and did not sustain any cognizable damages as a consequence of any act or omission attributable to Counter-defendants.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Contributory Conduct)**

113. If Counter-claimants sustained any of the damages alleged, which Counter-defendants expressly deny, such damages were caused or contributed in whole or in part, by the carelessness, negligence, want of care, or other conduct or misconduct on the part of Counter-claimants, and in the event that Counter-defendants are found liable for any of the damages asserted, either individually or collectively, Counter-defendants are entitled to have their respective and collective liability diminished in proportion to the culpable conduct of Counter-claimants.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Contributory Conduct of Others)**

114. If Counter-claimants sustained any of the damages alleged, which Counter-defendants expressly deny, such damages were caused or contributed in whole or in part, by the conduct of persons or entities other than Counter-defendants, over which Counter-defendants had no control and for which Counter-defendants are not liable or responsible, and in the event that Counter-defendants are found liable for any of the damages asserted, either individually or collectively, Counter-defendants are entitled to have its respective and collective liability diminished in proportion to the culpable conduct of such persons or entities other than Counter-defendants.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Justification/Privilege)**

115. Counter-defendants allege that each and every act was justified, privileged, proper, legal, fair, and not done in degradation of Counter-claimants rights or legal interests.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Forfeiture)**

116. Counter-defendants allege that Counter-Claimants have forfeited their right under applicable contracts or by operation of law.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

117. Counter-defendants have insufficient knowledge or information on which to form a belief as to whether Counter-defendants have additional, as yet unstated, affirmative defenses available, and Counter-defendants reserve the right to assert such additional defenses.



**PRAYER FOR RELIEF**

WHEREFORE, Counter-defendants respectfully request relief as follows:

1. For dismissal of all of Counter-claimants' claims in the Counterclaim and/or a judgment in favor of Counter- defendants thereon;

2. For Counter-defendants' cost of defending this suit and reasonable attorney fees; and

3. For such other relief as the Court may deem just and proper.

**RELIANCE UPON JURY DEMAND**

Counter-defendants hereby rely upon and renew the jury demand previously entered by Counter-claimants in this matter.

DATED: September 24, 2018.

**LILAW INC.**

By /s/ J. James Li

J. James Li, Ph.D.

Attorneys for Plaintiff and Counter-Defendant Citcon USA LLC, and Counter-Defendant Wei Jiang

