United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITCON USA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVERPAY INC., YUE "YORK" HUA, KENNY SHI, and HANG "HANK" MIAO,<br><br>    Defendants. | Case No. 18-cv-02585-NC<br><br>**ORDER DENYING CITCON'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff Citcon's motion for leave to file a motion for reconsideration of this Court's Order that granted in part and denied in part Defendants' Motions to Dismiss the Second Amended Complaint. Dkt. No. 99. Because Citcon fails to meet the standards for a motion for reconsideration set forth in Civil Local Rule 7-9(b), the motion is DENIED.

**I. BACKGROUND**

Citcon filed its First Amended Complaint, bringing 11 claims against defendants RiverPay, Hua, Shi, and Miao in May 2018. Dkt. No. 8. The Court granted in part and denied in part the defendants' motion to dismiss, granting leave to amend. Dkt. No. 52. Citcon's Second Amended Complaint brought 12 claims against the same defendants, and defendants again moved to dismiss. Dkt. Nos. 58, 63, 64. The Court granted in part and denied in part those motions to dismiss, granting leave to amend some but not all claims.

United States District Court
Northern District of California

Dkt. No. 98. The Court stated in that Order that it did not "grant leave to amend those claims for which Citcon failed to cure deficiencies that the Court previously identified," but it granted leave to amend issues which were addressed for the first time in that Order. Dkt. No. 98 at 1–2.

The Second Amended Complaint contained 12 claims: (1) misappropriation of trade secrets under 18 U.S.C. § 1836 against RiverPay, Hua, and Shi; (2) misappropriation of trade secrets under California Civil Code § 3426.1 against RiverPay, Hua, and Shi; (3) breach of the duty of loyalty against RiverPay, Hua, and Shi; (4) defamation and trade libel against all defendants; (5) defamation against Miao, Shi, and RiverPay; (6) computer fraud under 18 U.S.C. § 1030 against RiverPay, Hua, and Shi; (7) computer crimes under California Penal Code § 502(c) and (e) against RiverPay, Hua, and Shi; (8) intentional interference with contractual relations against RiverPay, Hua, and Shi; (9) intentional interference with prospective economic relations against RiverPay, Hua, and Shi; (10) conversion of funds against RiverPay, Hua, and Shi; (11) conversion (of a device) against RiverPay and Hua; and (12) unfair competition under California Business and Professions Code § 17200 against Riverpay, Hua, and Shi. *See* Dkt. No. 8.

The Court granted the motions to dismiss *with* leave to amend as to:

- Counts One and Two:
    - Trade secret misappropriation of "business plans" against Hua, Shi, and RiverPay
    - Trade secret misappropriation of "customer information" against Hua
    - Trade secret misappropriation of "transaction information" against Hua
    - Trade secret misappropriation of "source code" against Hua
    - Trade secret misappropriation of "POS designs" against Shi
    - All trade secrets claims against RiverPay
- Count Ten (conversion of funds) against Hua, Shi, and RiverPay

It granted the motions to dismiss *without* leave to amend as to:

- Count Three (breach of duty of loyalty) against Hua, Shi, and RiverPay
- Count Four (defamation and trade libel, based on the Terry Liu email) against all defendants
- Count Five (defamation, based on the Miao article) against Miao, Shi, and RiverPay
- Counts Six and Seven (computer fraud and abuse) against all Hua, Shi, and RiverPay
- Counts Eight and Nine (intentional interference with contractual relations and

2

intentional interference with prospective economic relations) against Hua, Shi, and RiverPay
- Count Twelve (unfair competition) against RiverPay

Finally, the Court denied the motions to dismiss as to:

- Counts One and Two:
  - Trade secret misappropriation of "POS designs" against Hua
  - Trade secret misappropriation of "source code" against Shi
  - Trade secret misappropriation of "client information" against Shi
  - Trade secret misappropriation of "transaction information" against Shi
- Count Eleven (conversion of a POS device) against Hua
- Count Twelve (unfair competition) against Hua and Shi

Citcon filed its Third Amended Complaint on January 14, 2019, and the parties' briefing on the defendants' motion to dismiss that complaint is set to conclude on February 19.

## II. LEGAL STANDARD

Under Civil Local Rule 7-9, a party must obtain leave of court before filing a motion for reconsideration of any interlocutory order. Civil L. R. 7-9(a). Leave to file a motion for reconsideration should only be granted where: (1) a material difference in fact or law exists from that which was presented to the Court previously, and the party applying for reconsideration shows that it exercised reasonable diligence yet did not know such fact or law at the time of the order; (2) new material facts have emerged or relevant law changed after the Court issued its order; or (3) the Court exhibited a "manifest failure" to consider material facts or dispositive legal arguments. Civil L. R. 7-9(b)(1)–(3). Rule 7-9 also prohibits repetition of argument; repeating any oral or written argument already made in support of or in opposition to the order renders a party subject to appropriate sanctions. Civil L.R. 7-9(c). Finally, no responses or additional papers are warranted in response to a motion for leave to file a motion for reconsideration unless the Court decides so. Civil L.R. 7-9(d).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with

3

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id*. (quoting *389 Orange Street Partners v. Arnold,* 179 F.3d 661, 665 (9th Cir. 1999)). Motions to reconsider "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

**III. ANALYSIS**

**A. Citcon's Motion for Leave under Local Rule 7-9(b)(3)**

Here, Citcon files its motion for leave to file a motion for reconsideration under Civil Local Rule 7-9(b)(3) based on its contention that the Court failed to consider material facts or dispositive legal arguments which it presented to the Court in its Second Amended Complaint and its briefing on the defendants' motions to dismiss. Dkt. No. 99. Citcon argues that the claims which were dismissed should not have been, or, in the alternative, that those claims which were dismissed without leave to amend should have been dismissed with leave to amend. Dkt. No. 99 at 1.

### i. Material Facts

Citcon does not present any new facts in its motion. Instead, it reiterates, in bullet-point format, facts already before this Court from its first and second amended complaints. Citcon does not argue that the Court failed to consider these facts but argues, rather, that the Court should have drawn different conclusions based on them. Indeed, the Court's orders on the motions to dismiss the first and second amended complaints total over thirty pages and the Court held a hearing on this matter. Dkt. Nos. 44, 52, 98. Citcon's rote repetition of facts that it has already pleaded with no argument that the Court failed to consider any of those facts in particular is not grounds for reconsideration.

### ii. Dispositive Legal Argument: Plausibility Standard

Citcon's main argument is that the Court misapplied the pleading standard under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 99 at 1. Citcon emphasizes that it believes its complaint was plausible on its face as required under *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

4

(2007).

In particular, Citcon relies heavily on what it refers to as the "one plausible explanation" pleading standard. Dkt. No. 99 at 2–3. It cites as the source of this standard *Kirbyson v. Tesoro Refining and Mktg. Co.*, 09-cv-3900 SC, 2010 WL 2382395, at *3 (N.D. Cal. June 10, 2010). There, the court held that the plaintiff had plausibly pleaded a discrimination claim based on his status as a member of the military where the plaintiff had provided detailed factual allegations describing accommodations provided to eight non-military employees but which he was denied. *Kirbyson*, 2010 WL 2382395, at *3. The court used the phrase "one plausible explanation" in response to the defendant's argument that the plaintiff had "fail[ed] to plead . . . the many fact specific reasons" why those other employees might have been accommodated unrelated to military status. *Id*. There, the plaintiff was not required at the pleading stage to expound the "many" alternative explanations for the defendant's alleged conduct. Rather, the court found that the one explanation the plaintiff presented—that he had been discriminated against—was enough. *Id.*

Here, the Court has not suggested that Citcon must present a variety of alternative explanations for Defendants' alleged conduct, as the defendant argued in *Kirbyson*. Instead, it held that Citcon had failed to plead sufficient factual allegations to support a reasonable inference of the defendants' liability on those claims which were dismissed. That Citcon's pleaded facts were not sufficient here was not an issue of how many other explanations, plausible or not, also exist for defendants' conduct.

### iii. New Cases

Though Citcon presents its motion for leave as situated under Local Rule 7-9(b)(3), based on the Court's failure to consider dispositive legal arguments which were presented to the Court in deciding its order, Citcon nonetheless presents the Court with new caselaw to now consider on the more specific legal issues implicated by its various claims. Under Local Rule 7-9(b)(1), Citcon may show that a materially different law exists than that which it presented to the Court in its briefing on the motions to dismiss—and it must also

5

then show that it exercised reasonable diligence and yet did not know of this law previously. Or, had these cases been decided after the Court's order, Citcon may have grounded its motion for leave instead under Local Rule 7-9(b)(2), allowing for such a motion when the law changes materially after the Court's order. Neither 7-9(b)(1) or 7-9(b)(2) apply here, where Citcon presents new cases to the Court which were decided before the Court's order but with no showing that it exercised reasonable diligence when it failed to cite them earlier. These arguments could have reasonably been raised sooner. *See Kona Enters., Inc.*, 229 F.3d at 890. Because Citcon did now show that it exercised reasonable diligence in failing to present these cases previously, it has not met its showing under Rule 7-9.

### B. Defendants' Objection to Citcon's Reply

The Court ordered the defendants to submit an opposition to Citcon's motion for leave to file a motion for reconsideration. Dkt. No. 107. Citcon then filed a reply to that opposition. Dkt. No. 114. Citing Civil Local Rule 7-9(d), defendants objected to Citcon's reply because "no response need be filed" unless "judge decides to order the filing of additional papers" and no reply was ordered here. Dkt. No. 115. The Court agrees that Citcon's reply here was not necessary and clarifies that it would have ordered a reply if needed. The Court has disregarded Citcon's unwarranted reply but DENIES the defendants' motion to strike the reply and awards no sanctions against Citcon.

## IV. CONCLUSION

Because Citcon has not met the requirements laid out in Civil Local Rule 7-9, its motion for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: February 11, 2019  _____
NATHANAEL M. COUSINS
United States Magistrate Judge