**LiLaw Inc. – A Law Corporation**
5050 El Camino Real, Suite 200, Los Altos, CA 94022
Tel. (650) 521-5956    Fax (650) 521-5955    Web: www.lilaw.us

J. James Li, Ph.D. (lij@lilaw.us)

March 27, 2019

Hon. Nathanael M. Cousins
United States Magistrate Judge
United States District Court for the Northern District of California
280 N. 1st Street
San Jose, California

VIA ELECTRONIC FILING

    Re:  *Citcon USA LLC v. RiverPay Inc. et al.,* Case No. 5:18-cv-02585-NC

    <u>(The Letter contains information marked by Defendants as Highly Confidential—Attorneys' Eyes Only, which is labelled by yellow highlight and is redacted from the publicly-filed version)</u>

Dear Judge Cousins:

We are writing to request the Court's assistance in an urgent matter regarding the source code production in the above-captioned case.

As the Court may recall, RiverPay in this case resisted the source code discovery for a long time. We thought the Court had finally put this resistance to an end when it ordered all documents including the source code be produced by March 27, which is today. That turns out not to be the case.

Last Friday, March 22, the parties had a face-to-face meet and confer. During the meeting, RiverPay requested a one-week extension for the document production, from March 27 to April 3. Citcon agreed on the condition that the source code must be made available for review by March 27 and the parties would still try to produce most of their documents by March 27. RiverPay's counsel said they would check on the source code matter. After the meeting, however, RiverPay sent us a proposed stipulation regarding the continuation of the document production deadline without mentioning the source code matter. Naturally, no agreement was ever reached regarding the stipulation.

Now, RiverPay has made it clear that it will not make their source code available for our review by the court-ordered date, March 27. Instead, RiverPay uses Citcon's recent expert disclosure—

which requires a 14-day objection period before the expert may access confidential information—as an excuse to delay the source code production by more than 10 days. We have repeatedly explained to RiverPay that Citcon's counsel, not the expert, will be reviewing the source code until the expert is cleared for accessing the source code. Both Citcon's outside attorneys, James Li and Andy Pierz, can understand source code and will be doing the review. Thus, RiverPay's delay in producing the source code has no valid basis.

RiverPay has also made it clear that it will only allow a single-day review of the source code. This limitation is never contemplated by the protective order. There is no software of any commercial value that can be effectively reviewed in a single day. In fact, we expect multiple days in a 30-day span for the source code review. This is not a simple task; it requires careful review and understanding of a voluminous source code to reveal the misappropriation of the trade secrets, especially given RiverPay's efforts to alter the source code to evade detection.

RiverPay has no valid excuse to delay the source code review. Contrary to York Hua's declaration, it has been revealed recently through a verified interrogatory response that RiverPay uses ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ All the version-controlled source code information can be easily downloaded from ▊▊▊▊ to a computer for review. It only took a few minutes for us to download Citcon's version-controlled code from ▊▊▊ to be ready for RiverPay's review. Therefore, it is very likely that this delay in defiance of court order reflects RiverPay's fervent effort to doctor the source code to obfuscate misappropriation.

In any event, regardless of the motive of this delay, RiverPay should not be allowed to yet again erect barriers to the source code review. Citcon is required to submit its opening expert report on the source code by June 7. Given the amount of time required for a reasonable review and analysis of the source code, every day is precious for Citcon's case.

We thus requests that the Court issue an immediate order to compel RiverPay to comply with the earlier court order and to make its version-controlled source code for review under the terms and conditions of the protective order.

We also ask the Court to issue an order to show cause why RiverPay should not be sanctioned under FRCP 37 for again resisting discovery without substantial justification and for contempt of the Court's earlier order.

        Very truly yours,



        /s/ J. James Li

        J. James Li, Ph.D.

---

[1] Unfortunately, RiverPay has improperly marked the name of version control service as Highly Confidential—Attorneys' Eyes Only, which necessitates the redaction. The unredacted version is served on Defendants and will be submitted to the Court via Chamber Copy.

Letter to Court re: source code review