UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITCON USA, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>RIVERPAY INC., et al.,<br><br>        Defendants. | Case No. 18-cv-02585-NC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 176, 205 |

In this trade secrets case, defendants move for partial summary judgment over plaintiff Citcon's claims for trade secret misappropriation of its source code. Dkt. No. 205. Defendants argue that the source code is owned not by Citcon but by Dino Lab, a contract programming company. Citcon presents evidence that the source code was programmed not only by Dino Lab but also by another contract programming company and by its own employees. Because the Court finds that there is a genuine issue as to the material fact of who programmed the source code that was allegedly misappropriated, the defendants' motion for partial summary judgment is DENIED.

## I. Background

### A. Procedural Background

Plaintiff Citcon provides services to merchants in the United States to facilitate customer payments using major Chinese mobile payment systems. Dkt. No. 136 at ¶ 13. In its Third Amended Complaint, Citcon brought claims for (1) misappropriation of trade

secrets under the DTSA; (2) misappropriation of trade secrets under the CUTSA; (3) conversion of funds; (4) conversion of a POS device, and (5) unfair competition. Dkt. No. 136. Citcon's first two claims include five categories of trade secrets allegedly misappropriated by defendants, including its source code. *Id.* at ¶ 55. Citcon alleges that defendant RiverPay, which offers competing services, created its products using source code copied from Citcon by defendants Hua and Shi—both former Citcon employees now working for RiverPay. *Id.* at ¶¶ 15–17, 53–72.

Defendants move for summary judgment on Citcon's trade secrets claims on the grounds that Citcon does not own the source code because it was created by contract programming company Dino Lab. Dkt. No. 205. In support of the motion, defendants provided a declaration from defendant Yue "York" Hua and an independent contractor agreement between Dino Lab and Citcon. *Id.*, Hua Decl. and Ex. A. In opposition to the motion, Citcon provided a declaration from its founder, Chunbo "Chuck" Huang; emails between Hua, Huang, and others; portions of an NDA agreement; independent contractor agreements; invoices from Dino Lab to Citcon; RiverPay's investment information and related agreements; portions of RiverPay's and Citcon's source code; and git login information showing source code changes.[1] Dkt. No. 225. Additionally, the Court held a hearing on the motion. Dkt. No. 233.

All parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 7, 13.

**B. Evidence in Support of the Motion for Partial Summary Judgment**

Defendant Yue "York" Hua attests that Dino Lab began doing consulting work for Citcon on its software for mobile payment products in April 2016. Dkt. No. 205, Att. 1 (Hua Declaration) at ¶ 3. He ran Dino Lab at the time. *Id.* He joined Citcon as an

---

[1] Defendants object to much of this evidence, including paragraphs 4 through 18 of Huang's declaration. Dkt. No. 190 at 9–12. The Court does not rely on most of the evidence objected to in deciding this motion, so those objections are OVERRULED as moot. The Court does rely on paragraph 21 of Huang's declaration, which defendants object to as assuming facts not in evidence and constituting improper lay opinion. The objection is OVERRULED because the declaration itself is evidence that the Court may properly consider on a summary judgment motion, and because the content of paragraph 21 relied upon by the Court in this order does not include any opinion of Mr. Huang.

employee later in 2016. *Id*. He worked for Citcon through June 2017, but Dino Lab continued to do consulting work for Citcon until later in 2017. *Id*. Hua states that "Citcon's source code for its mobile payment products was written in large part by two engineers from Dino Lab, Hank Miao and Siwei Yang." *Id*. at ¶ 4.

Citcon CEO Chumbo "Chuck" Huang founded Citcon in 2015. Dkt. No. 182, Ex. 4 (Huang Declaration) at ¶ 2. Much of the early work on Citcon's software products was done by contractors from a company called Beijing All Union, a contracting firm based in China for which Huang served as CTO and a board member. *Id*. at ¶ 3. In 2016, Citcon contracted with Dino Lab. *Id*. Dino Lab provided programmers who were assigned to code some blocks of Citcon's source code. *Id*. at ¶ 19. The source code was designed and architected by Citcon's "people," who supervised and managed the Dino Lab programmers by giving them instructions and requirements. *Id*. at ¶¶ 19–20.

Dino Lab programmers only generated a portion of Citcon's source code. *Id*. at ¶ 21. They worked primarily on the frontend features of the code, especially the Android group of code, while the backend of the code was primarily written by All Union contractors. *Id*. Some code was written by neither contracting company but by Citcon's own full-time employees. *Id*. at ¶ 3. These employees included, for some periods of time, defendants Hua and Shi. *Id*.

**II. Legal Standard**

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

1 The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

**III. Discussion**

**A. Dino Lab Only Wrote Some of Citcon's Source Code**

To succeed on its claims for trade secret misappropriation of source code, Citcon must show that it owned the source code allegedly stolen by RiverPay. *JustMed. Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010). Defendants' motion is predicated on the fact that the allegedly stolen source code was created by Dino Lab and is therefore owned by Dino Lab, not Citcon. Dkt. No. 205. The parties spent significant portions of their motions and oral arguments focusing on the relevance of the Copyright Act, the validity of the contracts between Citcon and Dino Lab, and RiverPay's investment history in disputing who owns the code programmed by Dino Lab. But these issues are irrelevant unless the source code allegedly misappropriated by RiverPay was that code written by Dino Lab contractors—and this material fact is in dispute.

The Third Amended Complaint defines the general functions of the source code, including five types of algorithms. Dkt. No. 136 at ¶ 55. At oral argument, defendants' counsel stated that based on the language of the TAC, the source code relevant to this motion "covers everything . . . it covers everything that has to do with Citcon's mobile payment products." Dkt. No. 233 at 5:53.

Citcon has provided evidence that its source code was not written exclusively by Dino Lab. *See* Huang Decl. at ¶¶ 3, 19, 21. Citcon founder and CEO Chumbo "Chuck"

4

Huang stated in his declaration that Dino Lab programmers only generated the frontend of the code, and that both another contracting company and full-time Citcon employees also worked on the source code. *Id.* at ¶ 3. Huang's declaration states that Dino Lab worked "primarily" on the frontend features and says that Dino Lab contractors coded "some blocks of Citcon's source code." *Id.* at ¶ 19, 21. For their part, defendants acknowledge in their motion that "*much* of the allegedly misappropriated source code was written by Dino Lab," suggesting that some of it was not. Dkt. No. 205 at 6 (emphasis added). Defendants also refer to Dino Lab as having played a "primary role" in creating the source code, stating that the mobile payment product code "was written in large part" by Dino Lab contractors, again suggesting that some portion of the allegedly stolen code was programmed by someone other than Dino Lab contractors. *Id.* at 3. The evidence does not support a clear black-and-white split between that source code written by Dino Lab and that written by other contractors or Citcon employees; at least some of the code may have been worked on by different entities at different times.

In contrast, Defendants simultaneously argue that the only source code allegedly misappropriated was that written by Dino Lab. Defendants state that "Citcon has provided no evidence" that any of RiverPay's source code was written by anyone besides Dino Lab. Dkt. No. 190 at 4. Citcon provided as evidence in opposition to this motion samples of source code from each Citcon and RiverPay to show similarities between the files.[2] Dkt. No. 183, Att. 3 (Declaration of Andrew Pierz), Exs. A and B. RiverPay points out that the Citcon code provided was dated September 2, 2016, which was within the timeframe that Dino Lab contractors were working for Citcon. Dkt. No. 189 at 5. Pierz's declaration identifies the two samples of code as belonging to each Citcon and RiverPay, but makes no mention of who programmed the code for Citcon. Pierz Decl. at 1. Nowhere and at no time has either party suggested that these examples of code constitute one hundred percent

---

[2] Defendants objected to this evidence, but also rely upon it. Dkt. No. 190 at 4, 12. Because the Court does not rely upon this declaration or exhibits, the objection has been OVERRULED as moot at footnote 1, above.

of that source code allegedly misappropriated by defendants. RiverPay's observation that Dino Lab was working for Citcon during the time that this sample of code may have been authored does not show that Dino Lab was responsible at all, let alone entirely, for writing it. Nor does it go to show anything about any of the other source code in the case.

It is true that Citcon bears the burden of establishing its ownership over the source code to prevail on its trade secrets misappropriation claims. *JustMed. Inc*, 600 F.3d at 1124. But on this motion, defendants bear the burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Here, defendants have failed at this first step of showing that no dispute exists as to the material question of who programmed the source code allegedly misappropriated. Citcon has presented evidence to raise genuine issues for trial as to who wrote what code. Fed. R. Civ. P. 56(c); *Barthelemy*, 897 F.2d at 1004. The Court resolves the ambiguities in the record in Citcon's favor, viewing the source code as apparently having been written by multiple entities: Dino Lab, All Union, and Citcon's full-time employees. *Tolan*, 134 S. Ct. at 1863.

If the misappropriated source code was written by anyone other than Dino Lab, both parties' arguments about copyright, contract, and investment schemes are irrelevant. Because the evidence suggests that it was, the Court does not address those issues here.

**B. The Court Declines to Rule that Dino Lab Owns Source Code It Programmed**

In the event that the Court make the findings that is has, defendants request that, "[a]t a minimum, this court should order that any source code written by Dino Lab belongs to Dino Lab" because "such a finding would help narrow the issues for trial." Dkt. No. 198 at 5. The Court declines to do so. As discussed above, there is a material question in the record as to whether any source code was written exclusively by Dino Lab rather than only "primarily" or "in large part" by Dino Lab. Huang Decl. at ¶ 19, Dkt. No. 205 at 3. The defendants have not shown how this Court ruling on the legal ownership of any code written exclusively by Dino Lab would be relevant or helpful to the disposition of this case. That request is denied.

6

## IV. Conclusion

Because a genuine issue of material fact exists as to what source code was written by whom, the motion for partial summary judgment is DENIED.

**IT IS SO ORDERED.**

Dated: May 31, 2019    _____
NATHANAEL M. COUSINS
United States Magistrate Judge