United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITCON USA, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>RIVERPAY INC., et al.,<br><br>    Defendants. | Case No. 18-cv-02585-NC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 185 |

In this trade secrets theft case, plaintiff Citcon moves for a preliminary injunction to prevent defendant RiverPay from using, disclosing, accessing, or copying any of its allegedly misappropriated source code. The Court finds that Citcon failed to identify its source code with sufficient particularity and failed to present admissible evidence of misappropriation. Therefore, Citcon has not demonstrated a likelihood of success on the merits. The Court also finds that Citcon has not shown that it will suffer irreparable harm in the absence of preliminary relief, or that the balance of equities or public interest weigh in its favor. As such, the Court DENIES Citcon's motion for a preliminary injunction.

**I.    Background**

Plaintiff Citcon provides services to merchants in the United States to facilitate customer payments using major Chinese mobile payment systems. Dkt. No. 136 at ¶ 13. Citcon brings claims for (1) misappropriation of trade secrets under the DTSA; (2) misappropriation of trade secrets under the CUTSA; (3) conversion of funds; (4)

conversion of a POS device, and (5) unfair competition. Dkt. No. 136. Citcon's first two claims include five categories of trade secrets allegedly misappropriated by defendants, one of which is Citcon's source code. *Id.* at ¶ 55. The Third Amended Complaint defines the allegedly misappropriated source code by listing five payment processing algorithms. *Id.* at ¶ 55(a). Citcon alleges that defendant RiverPay, which offers competing services, created its products using source code copied from Citcon by defendants Hua and Shi—both former Citcon employees now working for RiverPay. *Id.* at ¶¶ 15–17, 53–72.

All parties consented to the jurisdiction of a magistrate judge. Dkt. Nos. 7, 13.

## II. Legal Standard

A plaintiff seeking a preliminary injunction must demonstrate that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also* Fed. R. Civ. P. 65. A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

## III. Discussion

### A. Likelihood of Success on the Merits

To succeed on its trade secret misappropriation claims under both the California Uniform Trade Secrets Act and the Defend Trade Secrets Act, Citcon must show that it possessed a trade secret, that the defendant misappropriated the trade secret, and that the defendant's conduct damaged the plaintiff. Cal. Civ. Code § 3426.1(b); *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 877 (2018).

Here, Citcon fails to show that it is likely to succeed on its source code trade secret misappropriation claim for two reasons. First, Citcon fails to identify with sufficient particularity what source code has been misappropriated. Second, Citcon fails to provide admissible evidence of misappropriation.

### 1. Identification of Source Code

A party seeking injunctive relief "has the burden to show that the information that was misappropriated constitutes a trade secret" and, to do so, must identify that information "with sufficient particularity." *Agency Solutions Com., LLC v. Trizetto Group, Inc.*, 819 F. Supp. 2d 1001, 1015, 1017 (E.D. Cal. 2011).

Citcon's motion for preliminary injunction simply refers to the allegedly misappropriated trade secret as its "source code." Dkt. No. 185 at 7. Citcon describes a few specific categories of source code, but these categories appear to function primarily as exemplars to show instances of alleged misappropriation rather than to define comprehensively the source code at issue in the case. *Id*. at 5–6. This Court recently held in its order denying defendants' motion for partial summary judgment that the parties currently dispute material facts about the identification of the source code. Dkt. No. 237 at 4–6. That order found a lack of clarity in the record as to the authorship of the source code and as to precisely what of its source code Citcon alleges RiverPay misappropriated. *Id.* Since then, Citcon has not defined the source code with any more particularity. In contrast, a court in this district recently found that the plaintiff in *WeRide* had sufficiently identified its source code trade secrets for purposes of a preliminary injunction motion when it filed a twenty-page identification of ten specific trade secrets and described the functionality of each, along with named files from its code base reflecting the source code specific to each trade secret. *WeRide Corp. v. Huang*, 2019 WL 1439394, No. 19-CV-07233-EJD, at *5–6 (N.D. Cal. Apr. 1, 2019). Citcon's identification in this case has been much more vague.

Moreover, the proposed order that Citcon filed in connection with this motion defines its desired injunctive relief even more broadly than "source code." In the proposed order, Citcon proposes that the Court restrain RiverPay from using, accessing, or copying its "trade secrets . . . and other propriety information from all Citcon's products and projects, such as (but not limited to) source code, schematics, and other business, technical, and financial information." Dkt. No. 185, Ex. 3. The briefing on this motion does not

even address "schematics and other business, technical, and financial information." Similarly, Citcon's reply brief requests that the Court enjoin defendants from "any and all use, disclosure, access to, providing third parties access to, transferring, copying duplication, reproduction, publication, distribution, broadcasting or marketing of any version of Citcon's Code including, but not limited to" three specific "modules" of RiverPay code. Dkt. No. 240 at 15. This use of expansive language prevents the Court and the defendants from understanding what Citcon alleges was misappropriated. The Court cannot enjoin RiverPay from using such a limitless swath of information. Citcon's motion is overly broad as to the relief it seeks because it does not define with sufficient particularity the source code at issue.

**2. Evidence of Misappropriation**

To show that its source code was misappropriated, Citcon provided a declaration from its counsel, Andrew Pierz. Dkt. No. 185, Ex. 1 (Pierz Declaration). Mr. Pierz states that he conducted four reviews of the source code produced by RiverPay and, having "studied" both RiverPay's and Citcon's source code, "discovered that RiverPay's . . . software contain[s] substantial portions of code that is identical to Citcon's source code." *Id.* at ¶ 2. Pierz attaches some examples of such code and explains the similarities. *Id.* at ¶¶ 3–10. He also states that other RiverPay source code produced for inspection, but not attached to his declaration, "continue[s] to use Citcon's source code." *Id.* at ¶ 10.

Mr. Pierz offers an expert opinion, but he is an attorney for Citcon and not an expert witness. *See* Fed. R. Evid. 702. Citcon has not shown that Pierz is qualified with scientific, technical, or specialized knowledge to give an opinion as to the similarities of the source code. Fed. R. Evid. 702(a). Nor has Citcon shown that Pierz's opinion is based on sufficient data, or that it was formed reliably. Fed. R. Evid. 701(b)–(d). Citcon argues that "the point" of Mr. Pierz's declaration "was that anyone who can read English could see the fact that" RiverPay's source code "was essentially copied from Citcon's." Dkt. No. 240 at 4. But Mr. Pierz's opinion relies upon much more than English fluency, as indicated by defendants' expert witness who disagrees with Mr. Pierz's interpretation of

4

the source code similarities. *See* Dkt. No. 219, Ex. A (Ferrera Declaration). The Court finds that the Pierz declaration is inadmissible and thus disregards it.

In its reply to defendants' opposition to its motion for preliminary injunction, Citcon provides new evidence of misappropriation in the form of a declaration from Dr. Dean Sirovica. Dkt. No. 240, Ex. 1 (Sirovica Declaration). Dr. Sirovica, an expert on mobile phones and wireless communications, opined that he found evidence that RiverPay had copied Citcon's source code. *Id*. However, the Court cannot consider his declaration because it is impermissible new evidence submitted on a reply brief in violation of Civil Local Rule 7-3(d)(1). The Court thus disregards the Sirovica declaration.

Without any admissible evidence to show misappropriation, Citcon has not met its burden in establishing its likelihood of success on the merits.

### B. Irreparable Harm

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Ariz. Dream Act Coalition v. Brewer (Ariz. I)*, 757 F.3d 1053, 1068 (9th Cir. 2014). Disclosure of trade secrets can constitute irreparable harm. *See, e.g., WeRide*, 2019 WL 1439394 at 5–6.

Citcon has presented little evidence that it will suffer irreparable harm. Citcon states that the mobile payment processing industry now has five companies offering similar products and calls the industry "crowded," but provides no concrete examples of harm it will endure without injunctive relief. Dkt. No. 185 at 11. The plaintiff in *WeRide*, for a contrasting example, provided evidence that the defendant was in the process of hiring 100 new engineers, all of whom would have been given the trade secret information. *WeRide*, 2019 WL 1439394 at 11–12 (also in contrast, the plaintiff in *WeRide* had already shown a likelihood of success on the merits). Citcon has not explained how it will be injured irreparably without the extraordinary measure of preliminary relief—particularly given this case's rapidly-approaching trial date of December 9, 2019.

The Court finds that Citcon has not clearly shown that damages are an inadequate remedy for its alleged harms.

5

### C. Balance of Equities and Public Interest

The Court must balance "the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987)). Hardship to a defendant is low where the defendant would only be enjoined from activity that is illegal or improper. *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1077 (2016). Similarly, the public has a strong interest in ensuring that trade secrets are protected and that those who illegally misappropriate trade secrets are enjoined from doing so. *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2123560, No. 17-CV-00939-WHA, at *11 (N.D. Cal. May 15, 2017).

Both the balance of equities and public interest factors would tip in Citcon's favor had it established a likelihood of success on the merits, because both of these elements weigh against a party engaging in illegal activity. *Comet Techs. USA, Inc. v. Beuerman*, 2018 WL 1990226, at *5 (N.D. Cal. Mar. 15, 2019). But Citcon has not done so. Without a finding that RiverPay is likely liable for trade secret misappropriation, the balance of equities and public interest instead weigh in RiverPay's favor. RiverPay would experience significant economic harm from an injunction against conducting its business. Likewise, the public interest is not served by restraining business activity that is not improper. Because the Court found that Citcon has not demonstrated a likelihood of success on the merits, the Court finds that neither of these factors is established either.

### IV. Conclusion

The Court finds that Citcon has not demonstrated a likelihood of success on the merits, a likelihood of irreparable harm in the absence of preliminary relief, or that the balance of equities or the public interest weighs in its favor. The motion for preliminary injunction is therefore DENIED.

**IT IS SO ORDERED.**

Dated: June 25, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge