**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

JAMES McMANIS (40958)
ELIZABETH PIPKIN (243611)
CHRISTINE PEEK (234573)
MARWA ELZANKALY (206658)
JOHANNA OH (316681)
McMANIS FAULKNER
a Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:     (408) 279-8700
Facsimile:     (408) 279-3244
Email:          epipkin@mcmanislaw.com

Attorneys for Defendants,
RiverPay Inc., a Canadian corporation,
RiverPay, Inc., a Delaware corporation,
Yue ("York") Hua, Kenny E Shi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITCON USA LLC,<br><br>         Plaintiff,<br><br>     v.<br><br>RIVERPAY INC., a Canadian corporation,<br>RIVERPAY, INC., a Delaware corporation,<br>YUE HUA, a.k.a., YORK HUA, an individual,<br>KENNY E SHI, an individual, and DOES 1<br>through 20,<br><br>         Defendants.<br>_____<br><br>RIVERPAY INC., a Canadian corporation,<br>RIVERPAY, INC., a Delaware corporation,<br>and KENNY E SHI, an individual,<br><br>         Counter-Claimants,<br><br>     v.<br><br>CITCON USA, LLC, a California limited<br>liability company, WEI JIANG, an individual,<br>and DOES 1 through 20,<br><br>         Counter-Defendants. | Case No. 5:18-cv-02585-NC<br><br>**DEFENDANTS' MOTION FOR<br>SUMMARY JUDGMENT, OR<br>ALTERNATIVELY, FOR PARTIAL<br>SUMMARY JUDGMENT OF COUNTS 1<br>THROUGH 5 OF PLAINTIFF'S<br>UPDATED THIRD AMENDED<br>COMPLAINT (DKT. 136)**<br><br>**Date**:     October 30, 2019<br>**Time**:    1:00 p.m.<br>**Ctrm.**:    5, 4th Floor<br>**Judge**:   The Hon. Nathanael Cousins |

0

**NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT
OF COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED THIRD AMENDED
COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on **October 30, 2019, at 1:00 p.m.**, or as soon thereafter as the matter may be heard, before the Honorable Nathanael Cousins, in the United States District Court for the Northern District of California, in Courtroom 5 – 4th Floor, defendants, RiverPay Inc., a Canadian corporation, RiverPay, Inc., a Delaware corporation, ("RiverPay"), Yue "York" Hua, ("Hua"), and Kenny Shi, ("Shi"), (collectively, "defendants"), will and hereby do move for summary judgment, or alternatively, partial summary judgment of Counts 1 through 5 of Citcon USA LLC's ("Citcon") Updated Third Amended Complaint, ("TAC"), pursuant to Rule 56(a), of the Federal Rules of Civil Procedure.

Defendants move for summary judgment or partial summary judgment of counts 1 through 5 of plaintiff's TAC on the grounds that there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law.  This motion is based upon the allegations of the TAC, the arguments presented in the accompanying memorandum of points and authorities, the declaration of Marwa Elzankaly, the declaration of Nick Ferrara, any opposition or reply papers, and such other arguments as may be presented at the hearing.

DATED:  September 18, 2019

McMANIS FAULKNER

 /s/ Marwa Elzankaly
MARWA ELZANKALY

Attorneys for Defendants,
RiverPay Inc., a Canadian corporation,
RiverPay, Inc., a Delaware corporation,
Yue Hua, and Kenny E Shi.

1

2

## TABLE OF CONTENTS

3

4

INTRODUCTION AND STATEMENT OF FACTS ................................................................. 1

LEGAL ARGUMENT ............................................................................................................ 4

    I.       STANDARD. ................................................................................................... 4

    II.      THE UNDISPUTED MATERIAL FACTS SHOW THAT
            DEFENDANTS ARE ENTITLED TO JUDGMENT AS A
            MATTER OF LAW AS TO COUNTS ONE AND TWO OF THE
            UTAC FOR MISAPPROPRIATION OF TRADE SECRETS ......................... 4

            A.     This Court Should Grant Summary Judgment of Citcon's
                        Claim for Misappropriation of Its Source Code as It
                        Continues to Fail to Clearly Define Which Part of its Source
                        Code it Claims to Own ................................................................ 5

            B.     The Undisputed Material Facts Show that Defendants are
                        Entitled to Judgment as a Matter of Law as to Citcon's
                        Other Claims for Misappropriation of its Trade Secrets as
                        Citcon Will Not be Able to Prove any Damage Associated
                        With These Claims ...................................................................... 7

            C.     The Undisputed Material Facts Show that Defendants, Hua
                        and RiverPay, are entitled to Judgment as a Matter of Law
                        as to Citcon's Other Claims for Misappropriation of its
                        Trade Secrets ............................................................................. 9

                  1.   Citcon Cannot Show That Hua Misappropriated Any of
                        The Business Items ........................................................... 9

                    2.   Citcon Cannot Show that RiverPay Misappropriated
                        Any of the Business Items. ............................................. 12

            D.     The Undisputed Material Facts Show that Defendants are
                        Entitled to Judgment as a Matter of Law as to Citcon's
                        Claim for Misappropriation of its POS Design .................................... 13

    III.     THE UNDISPUTED MATERIAL FACTS SHOW THAT
            DEFENDANTS ARE ENTITLED TO JUDGMENT AS A
             MATTER OF LAW ON COUNT THREE FOR CONVERSION
            OF FUNDS. ................................................................................................ 13

    IV.     THE UNDISPUTED MATERIAL FACTS SHOW THAT
            DEFENDANTS HUA AND RIVERPAY ARE ENTITLED TO
             JUDGMENT AS A MATTER OF LAW ON COUNT FOUR FOR
            CONVERSION OF A POS DEVICE. ..................................................... 16

    V.     THE UNDISPUTED MATERIAL FACTS SHOW THAT
            DEFENDANTS HUA AND SHI ARE ENTITLED TO
             JUDGMENT AS A MATTER OF LAW AS TO COUNT FIVE OF
            THE UTAC FOR UNFAIR COMPETITION ....................................... 17

CONCLUSION ..................................................................................................................... 17

26

27

28

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF
COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED TAC;

1

2

<u>TABLE OF AUTHORITIES</u>

3

**CASES**

4

*02 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.*, 399 F. Supp. 3d 1064 (N.D. Cal. 2005) ........ 8

5

*Agency Solutions.Com, LLC v. Trizetto Group, Inc.*, 819 F. Supp. 2d 1001 (E.D. Cal. 2011) ...... 5

6

*Ajaxo Inc. v. E\*Trade Fin. Corp.*, 187 Cal. App. 4th 1295 (2010) ................................................ 8

7

*Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-CV-00404-LHK, 2018 WL 5045429

8

    (N.D. Cal. Oct. 17, 2018) ......................................................................................................... 4, 7

9

*Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.* 226 Cal. App. 4th 26 (2014) .............................. 8

10

*American Nurses' Ass'n v. State of Illinois*, 783 F.2d 716 (7th Cir. 1986) ................................... 4

11

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ........................................................... 4, 15

12

*Burlesci v. Petersen*, 68 Cal. App. 4th 1062 (1998) ................................................................... 14

13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ..................................................................... 4, 15

14

*Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127 (E.D. Cal. 2017) ........................ 17

15

*Davenport v. Litton Loan Servicing, LP*, No. C 10-0679 RS, 2011 WL 13137950

16

    (N.D. Cal. June 3, 2011) ........................................................................................................ 14

17

*K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939

18

    (2009) ...................................................................................................................................... 17

19

*Kwikset Corp. v. Superior Court*, 51 Cal.4th 310 (2011) .......................................................... 17

20

*Lightening Box Games Pty, Limited v. Plaor, Inc.*, 2017 WL 7310782

21

    (N.D. Cal., Dec. 29, 2017) ........................................................................................................ 8

22

*Lightning Box Games Pty, Limited v. Plaor, Inc.*, No. 17-CV-03764-EDL,

23

    2017 WL 7310782 (N.D. Cal. Dec. 29, 2017) .......................................................................... 5

24

*Lisa M. v. Henry Mayo Mewhall Mem. Hosp.*, 12 Cal.4th 291 (1995) ........................................ 14

25

*Los Angeles Fed. Credit Union v. Madatyan*, 209 Cal. App. 4th 1383 (2012) ............................ 14

26

*Mai Systems Corp.v. Peak Computer, Inc.*, 991 F.2d 511 (9th Cir. 1993) ..................................... 5

27

*McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457 (2006) ........................................... 14

28

*Munoz v. Fin. Freedom Senior Funding Corp.*, 567 F. Supp. 2d 1156 (C.D. Cal. 2008) ............ 14

*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP*,

    150 Cal. App. 4th 384 (2007) ...................................................................................... 14

*Religious Technology Ctr. v. Netcom On-Line Communication Services, Inc.*,

    923 F. Supp. 1231 (N.D. Cal. 1995) .............................................................................. 5

*Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210 (2010)................................................. 17

*UCAR Tech. (USA) Inc. v. Yan Li*, No. 5:17-CV-01704-EJD, 2018 WL 2555429

    (N.D. Cal. June 4, 2018) .................................................................... 14, 15, 16, 17

*UCAR Technology (USA) Inc. v. Yan Li*, No. 5:17-CV-01704-EJD, 2017 WL 6405620

    (N.D. Cal. June 4, 2017) .................................................................................... 5

*Way.com, Inc. v. Sing*, No. 18-CV-04819-WHO, 2018 WL 6704464

    (N.D. Cal. Dec. 20, 2018) ............................................................................ 4, 7

*Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059 (N.D. Cal. 2017)................................. 17

*Whyte v. Schlange Lock Co.*, 101 Cal.App.4th 1443 (2002) ...................................................... 12

**STATUTES**

18 U.S.C. § 1836(b)(3) .................................................................................................. 8

18 U.S.C. § 1836(b)(3)(B) ............................................................................................ 8

18 U.S.C. § 1839(3) ...................................................................................................... 1

18 U.S.C. § 1839(3)(A) & (B) ...................................................................................... 5

18 U.S.C. § 1839(6)(A)............................................................................................. 5, 9

18 U.S.C. § 1839(6)(B)................................................................................................. 9

Cal. Civ. Code § 3426.3(a)-(b) ..................................................................................... 8

Cal. Civ. Code § 3426.1(d)(1) & (2)............................................................................. 5

**OTHER AUTHORITIES**

Judicial Council of California, Civil Jury Instructions (2019 edition), CACI No. 2100, *available*

    *at* http://www.courts.ca.gov/partners/documents/aci_2019_edition.pdf ................................. 14

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF
COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED TAC; Case No. 5:18-cv-02585-NC.

**RULES**

Fed. R. Civ. P. 56(a) ..................................................................................................... 4

**TREATISES**

M. Lemley, *the Surprising Virtues of Treating Trade Secrets as IP Rights* (2008)

    61 Stan. L. Rev. 311, 344............................................................................................. 5

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF
COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED TAC; Case No. 5:18-cv-02585-NC.

Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Source Code (Plaintiff)

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND STATEMENT OF FACTS

On March 4, 2019, Citcon filed its Uniform Third Amended Complaint ("UTAC").  (ECF 136.)  Citcon's remaining claims against defendants are: (1) misappropriation of trade secrets under 18 U.S.C. section 1836 (DTSA); (2) misappropriation of trade secrets under California Civil Code section 3426 et seq. (CUTSA); (3) conversion of funds; (4) conversion of the POS Device (RiverPay and Hua); and (5) unfair competition under California Business and Professions Code section 17200 et seq. (Hua and Shi).  *See id.*

Citcon alleges that Citcon was founded in 2015 and provides services that allow U.S. merchants to accept payments through major Chinese mobile payment systems.  (ECF No. 136, ¶ 13.)  Yue ("York") Hua was Citcon's former Head of Operations and Products and left Citcon in June, 2017.  (*Id.*, ¶ 16.)  Shi was the Vice President of Engineering of Citcon.  (*Id.*, ¶¶ 16-17.)  Shi left Citcon in December, 2017.  (*Id.*, ¶ 17.)  Both Hua and Shi now work for Riverpay.  (*Id.*)

With respect to Counts One and Two of its UTAC, for misappropriation of trade secrets, Citcon alleges, in part: that it "owns" its source code, (*Id.*, ¶ 55a); that the source code qualifies as a trade secret under 18 U.S.C. § 1839(3), (*Id.*, ¶ 56); and that defendants "wrongfully acquired" Citcon's source code as Hua and Shi purportedly downloaded Citcon's source code from Citcon's computer systems (*Id.*, ¶¶ 59-60.)

Citcon further identifies four additional items of "trade secrets" which Citcon alleges were also misappropriated by defendants.  Those items include: Citcon's "POS Designs," which includes the hardware and software design of the POS devices, (*Id.*, ¶ 55b); the "Client Information, which is defined as the "contact information and their ▮▮▮▮▮▮▮▮ of Citcon's merchant clients, (*Id.*, ¶ 55c); the "Transaction Information," which is defined as information regarding each individual transaction," (*Id.*, ¶ 55d); and Citcon's "Business Plans," which are defined as Citcon's "confidential plans for business development, marketing and sales." (*Id.*, ¶ 55d.)

Citcon claims that defendants accessed Citcon's <u>transaction information</u> using a dropbox account created by defendant, Shi.  (*Id.*, ¶ 23.)  Citcon further alleges that even after Hua left

1

Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Source Code (Plaintiff)

1  Citcon, he "was still allowed to keep his login and password to log onto Citcon's MySQL

2  database," and that this would give him access to Citcon's "transaction data and customer

3  information."  (*Id.*, ¶ 41.)  Citcon further alleges that Hua actually "used his MySQL Login to

4  access Citcon's computer systems without authorization and misappropriate Citcon's trade secret

5  information."  (*Id.*, ¶ 42.)  This claim is made although Citcon acknowledges that as of

6  December 21, 2017, Citcon "immediately inspected its system and found no evidence of

7  unauthorized access."  (*Id.*, ¶¶ 36-37.)  (emphasis added.)  Citcon further alleges that it

8  discovered that Shi purportedly "downloaded" many Citcon documents right before he left and

9  deleted a "massive" amount of business documents from his laptop.  (*Id.*, ¶ 42.)  Citcon's

10  discovery responses as to what evidence they have of the alleged misappropriation essentially

11  restates what is already in its complaint.  (See Declaration of Marwa Elzankaly in Support of

12  Defendants' Motion for Summary Judgment, served and filed herewith, ("Elzankaly Decl."),

13  Exs. M-O.)

14      Citcon also asserts a Count Three for alleged conversion of funds, claiming that

15  defendants wrongfully took Citcon's ▮▮▮▮▮▮▮ and used it "to unlawfully access

16  Citcon's mobile payment system and issue fraudulent refunds to Citcon's customers."  (UTAC, ¶

17  74, pp. 15:28-16:5.)  Citcon refers to this as the "Refund Attack."  (*Id.*)

18      Citcon further alleges a Count Four against defendants, RiverPay and Hua, for conversion

19  of its POS device.  Citcon alleges that Hua took a POS device with him when he was leaving

20  Citcon, and that he was "directed" by RiverPay to keep the device.  (*Id.*, ¶ 80.)  Finally, Citcon's

21  Count Five of its UTAC for Unfair Competition under California Business and Professions Code

22  section 17200 is asserted against Hua and Shi, and is primarily based on its conversion

23  allegations of Counts Three and Four of its UTAC.  (*Id.*, ¶¶84-89.)

24      Defendants now move for summary judgment of Citcon's entire UTAC or partial

25  summary judgment of certain of Citcon's claims.  First, defendants request that the Court grant

26  summary judgment against Citcon as to its counts one and two for misappropriation of its source

27  code as Citcon continues to fail to identify the source code that it alleges constitutes its trade

28  secret.  Instead, Citcon served an "expert" report, making broad claims of misappropriation, and

1   identifying source code that is publicly available or written by third parties.  (Elzankaly Decl.,

2   ¶2, Exh. A, and the Declaration of Nick Ferrara in Support of Defendants' Motion for Summary

3   Judgment, served and filed herewith, ("Ferrara Decl."), ¶¶1-8, Exh. A.)

4       This Court should also grant summary judgment as to Citcon's claims for

5   misappropriation of its POS design, customer information, transaction information, and business

6   plans.  Citcon's damages expert has only opined as to Citcon's damages pertaining to its claim

7   for misappropriation of its source code trade secrets.  Citcon has presented no expert testimony

8   as to its purported damages related to its other alleged trade secrets.  Thus, Citcon cannot meet

9   its burden of proving it was damaged by any alleged misappropriation.[1]

10      Alternatively, this Court should at least grant summary judgment in favor of defendants

11  Hua and RiverPay as to Citcon's claims for misappropriation of its POS design, customer

12  information, transaction information, and business plans.  Citcon has produced no evidence to

13  date that Hua or RiverPay actually took or misappropriated any of these items.

14      At the very least, this Court should grant defendants' motion for summary judgment as to

15  Citcon's claims for misappropriation of its POS design.  Contrary to its prior claims, Citcon does

16  not produce its own POS devices, but rather purchases the hardware from a third party vendor.

17  With respect to any software design for its POS device, Citcon acknowledged that this is a

18  source code issue covered by its claim for misappropriation of its source code.  (Elzankaly Decl.,

19  Exh. F, pp. 429:3 – 430:11.)

20      Finally, this Court should grant summary judgment as to Citcon's Counts Three and Four

21  for conversion and Count Five for unfair competition.  To date, Citcon has not provided any

22  evidence to show that defendants were in any way responsible for the "Refund Attack."  Nor has

23  Citcon produced any evidence to contradict Hua's testimony that he does not actually possess a

24  Citcon POS device.  For those reasons, and as set forth in further detail below, defendants

25

26  ─────────────────────────

27  [1] Citcon also did not disclose any experts or reports to opine on these other misappropriation claims.  (Elzankaly Decl., ¶25.)  Citcon's apparent lack of concern with these claims strongly suggests that Citcon has abandoned these claims, or that it made these claims at the outset in an effort to broaden the scope of discovery into RiverPay's

28  business.

1   request that this Court grant defendants' motion for summary judgment or partial summary

2   judgment of Counts 1 through 5 of Citcon's UTAC.

3

4   **LEGAL ARGUMENT**

5   **I.      STANDARD.**

6          A party may move for summary judgment on a "part" of a claim or defense.  *See* Fed. R.

7   Civ. P. 56(a).  This is referred to as a "partial summary judgment."  *American Nurses' Ass'n v.*

8   *State of Illinois*, 783 F.2d 716, 729 (7th Cir. 1986).  "The court shall grant summary judgment if

9   the movant shows that there is no genuine dispute as to any material fact and the movant is

10  entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment is "an

11  integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and

12  inexpensive determination of every action."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)

13  (internal quotations omitted).  Summary judgment is appropriate where the plaintiff cannot prove

14  an essential element of its case and on which it will bear the burden of proof.  *Id.* at 322.  "The

15  mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient;

16  there must be evidence on which the jury could reasonably find for the plaintiff."  *Anderson v.*

17  *Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).

18  **II.     THE UNDISPUTED MATERIAL FACTS SHOW THAT DEFENDANTS**
        **ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO**
19      **COUNTS ONE AND TWO OF THE UTAC FOR MISAPPROPRIATION**
        **OF TRADE SECRETS.**
20

21         "'[U]nder the DTSA and the CUTSA, a plaintiff must allege (1) that it is the **owner** of a

22  **trade secret**; (2) that the defendant **misappropriated** the trade secret; and (3) that it was

23  **damaged** by the defendant's actions.'"  *Way.com, Inc. v. Sing*, No. 18-CV-04819-WHO, 2018

24  WL 6704464, at *4 (N.D. Cal. Dec. 20, 2018) (quoting *Alta Devices, Inc. v. LG Elecs., Inc.*, No.

25  18-CV-00404-LHK, 2018 WL 5045429, at *8 (N.D. Cal. Oct. 17, 2018)) (emphasis added).

26         A "trade secret" is information that (1) derives independent economic value, actual or

27  potential, from not being generally known to, or readily ascertainable by other people who can

28  obtain economic value from its disclosure or use and (2) is the subject of reasonable efforts to

4

1    maintain its secrecy.  *See* 18 U.S.C. § 1839(3)(A) & (B); Cal. Civ. Code § 3426.1(d)(1) & (2).

2        "The DTSA's definitions of 'trade secret,' 'misappropriation,' and 'improper use' are

3    essentially the same as the definitions of those terms in the CUTSA."  *Lightning Box Games Pty,*

4    *Limited v. Plaor, Inc.*, No. 17-CV-03764-EDL, 2017 WL 7310782, at *7 (N.D. Cal. Dec. 29,

5    2017).  "The DTSA defines 'misappropriation' to include 'acquisition of a trade secret of another

6    by a person who knows or has reason to know that the trade secret was acquired by improper

7    means,' and 'disclosure or use of a trade secret of another' without consent."  *UCAR Technology*

8    *(USA) Inc. v. Yan Li*, No. 5:17-CV-01704-EJD, 2017 WL 6405620, at *3 (N.D. Cal. June 4,

9    2017), *reconsidered on other grounds at* 2018 WL 2555429.  "Improper means [] includes theft,

10   bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or

11   espionage through electronic or other means."  18 U.S.C. § 1839(6)(A).

12
13   **A.    This Court Should Grant Summary Judgment of Citcon's Claim for Misappropriation of Its Source Code as It Continues to Fail to Clearly Define Which Part of its Source Code it Claims to Own.**

14       A plaintiff must "'clearly define what it claims to own, rather than (as happens all too

15   often in practice) falling back on vague hand waiving.'"  *Agency Solutions.Com, LLC v. Trizetto*

16   *Group, Inc.*, 819 F. Supp. 2d 1001, 1015 (E.D. Cal. 2011) (quoting M. Lemley, *the Surprising*

17   *Virtues of Treating Trade Secrets as IP Rights* (2008) 61 Stan. L. Rev. 311, 344).  The *Agency*

18   *Solutions.Com* opinion goes on to declare that "[a] district court **can therefore reject a claim**

19   **that information is a trade secret** *sua sponte* if the information is not identified by the claimant

20   with sufficient particularity to allow the court to determine what the information is."  *Agency*

21   *Solutions.Com*, 819 F. Supp. 2d at 1017 (emphasis added); *see also*, *e.g.*, *Mai Systems Corp.v.*

22   *Peak Computer, Inc.*, 991 F.2d 511, 522-523 (9th Cir. 1993) (plaintiff did not identify its alleged

23   software trade secret with specificity); *Religious Technology Ctr. v. Netcom On-Line*

24   *Communication Services, Inc.*, 923 F. Supp. 1231, 1252 (N.D. Cal. 1995) (church claiming its

25   religious texts as trade secrets did not identify trade secrets with "sufficient definiteness to

26   support injunctive relief.").

27       This Court previously denied Citcon's motion for preliminary injunction, in part because

28   Citcon failed to identify its source code trade secrets with sufficient particularity.  (See ECF 254,

Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Source Code (Plaintiff)

pp. 3-4.)  Until today, and less than 3 months before trial, Citcon continues to fail to identify its source code trade secrets.  On June 14, 2019, Citcon served its initial expert report of Dean Sirovica, Citcon's expert as to its claim for misappropriation of its source code.  (Elzankaly Decl., ¶2, Exh. A.)  Citcon's expert concludes that it is his opinion ██████████████ ████████████████████████████████████████████████████████████████ ████████████████████"  (*Id.* at pp. 2-3.)  Dr. Sirovica identifies various portions of Citcon's code that are similar to RiverPay's code.  Dr. Sirovica, however, does not identify which of those portions of source code are Citcon's trade secrets, nor does he explain the functionality of the code at issue.  (Ferrara Decl., ¶¶ 1-7, Exh. A. p. 8.)

Dr. Sirovica's report was reviewed by defendants' expert, Nick Ferrara.  Mr. Ferrara concludes that "Dr. Sirovica fails to adequately identify the alleged Citcon trade secrets that he concludes have been misappropriated.  Instead, he only identifies source code files that Citcon claims have been misappropriated without identifying which portions of those files are composed of Citcon's claimed trade secrets."  (*Id.* at Exh. A, ¶13.)  Mr. Ferrara further notes that "in identifying these Citcon source code files that have been allegedly misappropriated, Dr. Sirovica inappropriately includes source code in his analysis that is publicly available or was written by third parties."  (*Id.* at Exh. A, ¶14.)  Essentially, ██████████████████ identified in Dr. Sirovica's analysis ███████ should have been excluded as publicly available or written by third parties."  (*Id.* at ¶15.)

For example, certain of the files cited by Dr. Sirovica and included in the Citcon repositories were derived from source code that was written by Dino Lab prior to its work with Citcon, also referred to as the SmoothPay Code.  (*Id.* at p. 14, ¶29.)  This is an error of almost ███████████.  (*Id.* at pp. 15-16, ¶32.)  In addition to these files, certain portions of the code relied on by Dr. Sirovica are publicly available online, or are third party codes, such as ████ ████████████, none of which has been excluded by Dr. Sirovica's analysis. (*Id.* at pp. 16-19, ¶¶33-40.)  Dr. Sirovica also "cites to lines of source code that provide functionality that is well known in the software development industry and should not be considered Citcon's trade secrets."  (*Id.* at pp. 19-20, ¶¶41-43.)  Dr. Sirovica also identifies 24

6

[Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Source Code (Plaintiff)]

1    source code files as having been allegedly misappropriated by RiverPay, but ignores comments

2    in those files that indicate at least 19 of them were ████████████████████████████

3    ████████████. (*Id.* at pp. 20-22, 44-49.)

4          Citcon had the opportunity to define its trade secrets when it served its expert report.

5    Instead, Citcon continued to make broad claims of similarities between the two source codes

6    without any analysis or supporting information as to which of those source code files are

7    Citcon's trade secrets or what functionality the source code files at issue provide.  Instead,

8    Citcon cites to source code that is either publicly available, or written by third parties.  For those

9    reasons, this Court should grant Defendants' motion for summary judgment as to Citcon's claim

10   for misappropriation of its source code.

        **B.    The Undisputed Material Facts Show that Defendants are Entitled to
11              Judgment as a Matter of Law as to Citcon's Other Claims for
12              Misappropriation of its Trade Secrets as Citcon Will Not be Able to
                Prove any Damage Associated With These Claims.**
13

14         This Court should grant defendants' motion for summary judgment as to Citcon's claim

15   for misappropriation of its POS design, customer information, transaction information, and

16   business plans as Citcon will not be able to meet its burden of showing that it was damaged by

17   the alleged misappropriation of these items.

18         On June 14, 2019, Citcon served the expert report of Dominic Persechini.  (Elzankaly

19   Decl., ¶3, Exh. B.)  Mr. Persechini opines only as to Citcon's damages from its alleged claims

20   for misappropriation of its source code trade secrets.  *Id.*  Mr. Persechini states in his report

21   however that "[i]n addition to the Source Code trade secrets, there are also four other categories

22   of trade secrets in this case:  POS Designs, Client Information, Transaction Information, and

23   Business Plans.  I do not calculate damages resulting from the misappropriation of any of these

24   other categories of trade secrets." (*Id.,* Exh. B, p. 7, Sec. V(B).)

25         As set forth above, Citcon must be able to show that it was damaged by the alleged

26   misappropriation. *Way.com, Inc. v. Sing, supra*, No. 18-CV-04819-WHO, 2018 WL 6704464, at

27   *4 (quoting *Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-CV-00404-LHK, 2018 WL 5045429, at

28   *8 (N.D. Cal. Oct. 17, 2018))  "The [CUTSA] authorizes compensatory damages (1) 'for the

1    *actual loss* caused by misappropriation'; (2) 'for the ***unjust enrichment*** caused by

2    misappropriation that is not taken into account in computing damages for actual loss'; and (3) if

3    'neither damages nor unjust enrichment caused by misappropriation are provable, the court may

4    order payment of a ***reasonable royalty***.'"  *Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.* 226

5    Cal. App. 4th 26, 66 (2014) (quoting Cal. Civ. Code, § 3426.3(a)-(b)); *see also* 18 U.S.C. §

6    1836(b)(3).  "Section 3426.3, subdivision (b) does not impose a theoretical or speculative

7    standard of provability.  The standard is factual.  **A measure of damages may not be provable**

8    **for lack of sufficient evidence."** *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295,

9    1299 (2010) (emphasis added.); *see also 02 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.*, 399

10   F. Supp. 3d 1064, 1076 (N.D. Cal. 2005) ("Damages do, however, need to rest on a 'reasonable

11   basis.'").

12       Similarly, "DTSA authorizes recovery to a prevailing party in the amount of 'damages

13   for the actual loss caused by misappropriation of the trade secret' and also 'damages for any

14   unjust enrichment caused by the misappropriation of the trade secret that is not addressed in

15   computing damages for actual losses. [] Alternatively, the statute provides that 'in lieu of

16   damages measured by any other methods, the damages caused by the misappropriation measured

17   by the imposition of liability for a reasonable royalty for the misappropriator's unauthorized

18   disclosure or use of the trade secret.'"  *Lightening Box Games Pty, Limited v. Plaor, Inc.*, 2017

19   WL 7310782, at *11 (N.D. Cal., Dec. 29, 2017) (denying "double recovery for the same

20   allegedly unlawful misappropriation of trade secrets" under CUTSA and DTSA) (quoting 18

21   U.S.C. § 1836(b)(3)(B)).

22       Citcon has disclosed a proposed expert and produced a report for him regarding alleged

23   damages from its claim for misappropriation of its source code trade secrets.  Citcon, however,

24   has not disclosed any expert or provided any report calculating either alleged lost profits, unjust

25   enrichment to defendants, or reasonable royalty, for the alleged misappropriation of its other

26   misappropriation claims.  For those reasons, Citcon will not be able to meet its burden of proving

27   damages as to these claims.  Thus, this court should grant defendants' motion for summary

28   judgment as to these claims.

1

          **C.**     **The Undisputed Material Facts Show that Defendants, Hua and RiverPay, are entitled to Judgment as a Matter of Law as to Citcon's Other Claims for Misappropriation of its Trade Secrets.[2]**

2

3          Acquiring a trade secret by "improper means," includes "theft, bribery,

4  misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage

5  through electronic or other means."  18 U.S.C. § 1839(6)(A). The term "does not include reverse

6  engineering, independent derivation, or any other lawful means of acquisition."  18 U.S.C. §

7  1839(6)(B).  The undisputed material facts show that Citcon cannot meet its burden of proving

8  that Hua improperly acquired Citcon's customer information, transaction information, or

9  business plans, (hereinafter "the business items").  The undisputed material facts also show that

10  Citcon cannot meet its burden of proving that RiverPay somehow acquired or used the business

11  items.

12         **1.**   Citcon Cannot Show That Hua Misappropriated Any of The Business Items.

13          On June 14, 2019, the parties disclosed their initial expert reports.  (Elzankaly Decl.,

14  ¶24.)  Citcon did not disclose any expert or produce any report to support any allegation that

15  defendant, York Hua, downloaded any information from Citcon's electronic files, or that he

16  somehow accessed his MySQL account, or Kenny Shi's dropbox account after he left Citcon.

17  (*Id.*)

18          Indeed, when asked about what evidence they have that Hua used his login to access the

19  MySQL database without authorization and misappropriate Citcon's trade secret information,

20  Citcon's CEO, Chuck Huang, ("Mr. Huang") said "[w]e have not done our own investigation in

21  that part yet."  (See Elzankaly Decl., Exh. E, p. 165:8-22.)

22          Mr. Huang also could not identify what forensic evidence, if any, Citcon had of Shi or

23  Hua downloading anything from Citcon:

24        Q. Okay.  Okay.  Now, what made you think that York and Kenny had stolen
           Citcon's source code?

25        A.  We did a computer search on Kenny's computer.

26

27   [2] Shi absolutely also denies downloading or taking any of Citcon's confidential business information before he left, as alleged by Citcon, and Shi has submitted an expert report in support of his defense.  (Elzankaly Decl., Exh. G, p. 167:2-10.)

28

1
2
3
4
5
6

> Q. Okay.  And what did that show?
> A.  I didn't look at the report yet, but my lawyer told me they show they downloaded our source code.
> Q. Okay.  Is that Mr. Pierz?
> A.  Yes.
> Q.  Okay.  Have you ever seen that report yourself?
> A.  No.
> Q.  Okay.  Do you know anything about how a computer search on Kenny's computer would show that sort of thing?
> A.  No.

7

(*See* Elzankaly Decl., Exh. E, pp. 108:20-109:7.)[3]

8

Citcon's database of current and prospect customers was maintained by Wei Jiang,

9

Citcon's Chief Operating Officer.  (*Id.,* at Exh. F, pp. 339:22-340:8; and ECF 281-1, ¶1.)

10

Citcon's CEO, Chuck Huang, testifying on behalf of Citcon, only identified Shi as

11

misappropriating the customer database.  (Elzankaly Decl., at 340:13-17.)

12

The only evidence cited by Citcon of Hua or RiverPay misappropriating its customer

13

database is a conversation between Hua and Evelyn Yang, where Hua tells Ms. Yang that he

14

knows Citcon is pitching to Prada.  (*Id.,* Exs. D, at 39:17-21, and M, at 12:4-7.)  Hua testified,

15

however, that he had gotten this information directly from Prada.  (*Id.,* Exh. D, 40:21-42:11.)

16

This is likely true for any merchant seeking to get competing offers in order to get a better deal.

17

Moreover, Wei Jiang acknowledged that Citcon's potential merchants were no big secret

18

as they were basically all department stores.

19
20
21
22
23
24
25

> Q. Does the company keep track of potential merchants that you're trying to sell your product to?
> …
> A…And the answer is yes.  We actually track the – you know, we actually – you know, on the sales team.
> Q.  How do you track that on the sales team?
> A.  …The merchant who are doing the business, you know, potentially for Chinese consumers, to them, they are limited merchants.
> So we have best knowledge, **for example, all the department stores.  You don't even need to write down; right? I mean, you know that they – who are those department stores**."

26
27
28

---

[3] Although Citcon disclosed an expert report analyzing Shi's Citcon issued laptop, Citcon provided no such report for any electronic devices used by Hua while at Citcon.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF
COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED TAC; Case No. 5:18-cv-02585-NC.

(Elzankaly Decl., Exh. K, pp. 81:25-82:2, 86:4-87:3.) (emphasis added.)

When asked whether he thought Hua took any customer information from Citcon, Jiang stated that he did not know. (*Id.* at p. 94:15-18.) Jiang further could not identify any evidence that Hua took any merchant transaction information, or that he took any of Citcon's business plans. (*Id.* at pp. 99:8-100:16; and 103:19-104:13.)

Citcon claims that its merchant transaction information was being loaded into a Dropbox account. (*Id.* at Exh. F, p. 422:15-423:11.) Citcon claims, however, that the Dropbox account was set up using Shi's Citcon e-mail address. (*Id.* at p. 428:8-12.) Citcon took over the account and reset the password. (*Id.* at p. 428:11-12, and 22-24.) Thus, Citcon itself acknowledged that the Dropbox account was not in Hua's name and although Citcon took over the account, it has provided no evidence that Hua ever accessed the information in the account.

Citcon identified 3 documents as its misappropriated business plans. (Elzankaly Decl., Exh. F, pp. 405:1-14, 407:14-409:21, and Exs. 1, 2 and 109-110 thereto.) Citcon could not identify any evidence that Hua misappropriated its business plans. (*Id.*, Exs. F, p. 411:4-8, and K.) At least one of the business plans is dated August 2, 2017, after Hua left Citcon in June, 2017. (*Id.* at Exh. F, and Exh. 109 thereto.) One of the business plans was emailed by Hua to Citcon's CEO, Chuck Huang, on September 14, 2016. (*Id.*, Exh. F, and Exs. 1&2 thereto.) Citcon only points to Hua's use of his Gmail account to email the document to Mr. Huang, as evidence of misappropriation, presumably because it is emailed using a personal account. (*Id.*, Exh. F, pp. 405:17-406:5, 406:24-5, 411:12-15, 412:2-11.) Citcon, however, acknowledged that it has no evidence that Hua kept this document in his Gmail account. (*Id.*, Exh. F, p. 407:3-5.) Moreover, Citcon could not identify any specific policy against the use of personal email in 2016 for Citcon work. (*Id.* at Exh. F, p. 406:6-10.) In this case, this was an email sent to the CEO of the company, without objection. Citcon also alleged that Hua used a personal Dropbox account for work but acknowledged that they had no access to the account and therefore could not identify what documents may have been in the account. Moreover, Citcon acknowledged that it has no evidence that Hua kept this document in his Dropbox account. (*Id.*, Exh. F, p. 416:1-417:2, and 417:25-418:10.)

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF
COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED TAC; Case No. 5:18-cv-02585-NC.

1    Thus, Citcon has no evidence that Hua misappropriated its business plans.  Moreover,

2    even if Citcon had evidence that Hua kept a copy of Citcon's business plan in either his personal

3    Gmail account or his Dropbox account, such business plan cannot possibly be Citcon's trade

4    secret.  Citcon acknowledged that Hua had not signed a confidentiality agreement, and in fact, it

5    appears that Citcon had not required any of its employees to sign a confidentiality agreement at

6    that time.  (*Id.*, Exh. E, pp. 220:8-221:6, 224:21-225:12.)  Citcon's failure to have its employees

7    sign a confidentiality agreement, coupled with allowing employees to use personal Gmail or

8    Dropbox accounts for work, where Citcon has no access or control over those accounts is

9    significant evidence that Citcon did not take reasonable measures to protect the secrecy of its so-

10   called trade secrets.  (*see*, *e.g.*, *Whyte v. Schlange Lock Co.*, 101 Cal.App.4th 1443, 1454 (2002)

11   (protecting information not publicly disseminated and subject to a confidentiality agreement

12   signed by defendant's executives; and denying protection to information where a secrecy

13   agreement was not on the record.)

14          2.  <u>Citcon Cannot Show that RiverPay Misappropriated Any of the Business Items.</u>

15

16   As set forth above, Citcon has presented no evidence that Hua took any of the business

17   items from Citcon, or that he provided any of such items to RiverPay.  Citcon has only presented

18   an expert report to support its claim that Shi downloaded its confidential information before

19   leaving Citcon.  Citcon has provided no evidence that there was any contact between Shi and

20   Hua after Hua left Citcon in June, 2017 until just before Shi started at RiverPay.

21   Shi started working at RiverPay on January 2, 2018.  (*Id.*, Exh. G, p. 27:22-24.)  Prior to

22   that, since York left Citcon, Shi and York only met in November or December of 2017, wherein

23   York contacted Shi and met him for lunch to discuss having Shi come work for RiverPay.  (*Id,* p.

24   160:8-18.)  Shi also met with Ryan Zheng of RiverPay after his meeting with Hua, to discuss

25   Shi's employment with RiverPay.  (*Id,* p. 171:13-19.)  At that time, although Shi was thinking

26   about leaving Citcon, he told Hua and Ryan Zheng he "needed to think about" joining RiverPay.

27   (*Id,* pp. 161:16-18, 167:11-16, and 172:12-21.)  Shi received and signed his offer letter from

28   RiverPay on December 8, 2017.  (*Id,* pp. 173:6-16.)

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF
COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED TAC; Case No. 5:18-cv-02585-NC.

Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Source Code (Plaintiff)

1  Moreover, in response to discovery asking for all evidence in support of its claim that

2  Hua and Shi misappropriated its trade secrets on behalf of and for the benefit of RiverPay,

3  Citcon simply restates the general allegations made in its UTAC and provides no evidence that

4  RiverPay had access to any of Citcon's business items.  (*Id,*, Exs M, pp. 8-12, and O.)

5  Thus, this Court should grant summary judgment as to Citcon's claims against Hua and

6  RiverPay for misappropriation of the business items.

7      **D.    The Undisputed Material Facts Show that Defendants are Entitled to Judgment as a Matter of Law as to Citcon's Claim for Misappropriation of its POS Design.**

8

9  Citcon's claim for misappropriation of its POS device is essentially the same as its source

10  code claim.  Citcon originally misrepresented that "Citcon's POS Designs are the result of many

11  manhours of Citcon's employees who worked to develop **both the software and the hardware**

12  **designs** for Citcon's POS devices."  (Elzankaly Decl., Exh. L, p. 12:26-27.)  (emphasis added.)

13  Citcon finally acknowledged that it purchases its POS devices from an outside vendor and does

14  not do anything to change the hardware of the devices.  (*Id.* at Exh. F, p. 429:3-17.)  The POS

15  devices do come with some pre-installed software; however, Citcon installs its payment client

16  software.  (*Id.* at p. 429:18-430:3.)  This software is "part of the overall source code" and is

17  "included also in the source code misappropriation claim."  (*Id.* at p. 430:4-11.)  Thus, the POS

18  device hardware cannot possibly be Citcon's trade secret given that Citcon purchases it from a

19  third party vendor.  The POS device software is already covered by Citcon's claim for

20  misappropriation of its source code.  Thus, this Court should grant summary judgment as to

21  Citcon's claim for misappropriation of its POS devices.

22      **III.    THE UNDISPUTED MATERIAL FACTS SHOW THAT DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON COUNT THREE FOR CONVERSION OF FUNDS.**

23

24  Count Three of Citcon's UTAC rests on the theory that defendants Hua and Shi 

25  ███████████████████████████████████████████  to Citcon's customers,

26  resulting in the removal of money from Citcon's accounts.  *See* ECF 136, ¶ 73.  Summary

27  judgment is warranted on Count Three because Citcon produced no evidence that any RiverPay

28  employee committed an act that caused the alleged removal of money from Citcon's accounts.

13

Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Source Code (Plaintiff)

1   *See* Elzankaly Decl., Exh. D, pp. 51:13-52:17; Exh. E, pp. 173:18-183:3; Exh. G, pp. 183:19-

2   184:10; Exh. H, pp. 164:6-171:1; Exh. I, p. 228:1-21; Exh. J, pp. 42:11-48:19, 80:20-81:5,

3   223:18-225:5, 229:1-232:21, 239:8-20; Exh. K, pp. 74:10-81:1, 90:25-94:14, 101:2-102:6,

4   155:9-156:9, 175:19-177:16, 197:4-200:21, 213:2-214:3; Exh. P, pp. 7:9-8:7; Exh. Q, pp. 7:11-

5   8:9; Exh. R, pp. 15:11-16:23; Exh. T, pp. 19:12-21:3.

6          To prevail on a conversion claim, Citcon must plead and prove the following elements:

7   "'(1) ownership or right to possession of the property; (2) defendants' conversion by a wrongful

8   act or disposition of property rights; and (3) damages.'"  *Los Angeles Fed. Credit Union v.*

9   *Madatyan*, 209 Cal. App. 4th 1383, 1387 (2012) (quoting *Burlesci v. Petersen*, 68 Cal. App. 4th

10  1062, 1066 (1998)); Judicial Council of California, Civil Jury Instructions (2019 edition), CACI

11  No. 2100, *available at* http://www.courts.ca.gov/partners/documents/aci_2019_edition.pdf.

12  "'Money cannot be the subject of a cause of action for conversion unless there is a specific,

13  identifiable sum involved, such as where an agent accepts a sum of money to be paid to another

14  and fails to make the payment[.]'"  *PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil*

15  *& Shapiro, LLP*, 150 Cal. App. 4th 384, 395 (2007) (quoting *McKell v. Washington Mutual, Inc.*,

16  142 Cal. App. 4th 1457, 1491 (2006), *rejected on other grounds as noted in Davenport v. Litton*

17  *Loan Servicing, LP*, No. C 10-0679 RS, 2011 WL 13137950, at *6 (N.D. Cal. June 3, 2011),

18  *Munoz v. Fin. Freedom Senior Funding Corp.*, 567 F. Supp. 2d 1156, 1162-63 (C.D. Cal. 2008)).

19         Citcon cannot prevail on Count Three by relying on defendants' alleged "conversion" of

20  the "confidential ████████████" – claimed to be a trade secret – because such a claim would

21  be preempted by the California Uniform Trade Secrets Act.  *See UCAR Tech. (USA) Inc. v. Yan*

22  *Li*, No. 5:17-CV-01704-EJD, 2018 WL 2555429, at *3-4 (N.D. Cal. June 4, 2018); ECF 136, ¶¶

23  55(c), 56.  To prevail, Citcon must produce evidence that a RiverPay employee, acting within the

24  course and scope of their employment, actually caused the alleged fraudulent refunds.  *See*

25  *Madatyan*, 209 Cal. App. 4th at 1387; *Lisa M. v. Henry Mayo Mewhall Mem. Hosp.*, 12 Cal.4th

26  291, 296-97 (1995).

27         Citcon has not done so.  To the contrary, the evidence shows that (1) Citcon employees

28  were unable to provide specific details about the alleged refund attack, or any facts showing that

14

Highly Confidential - Attorneys' Eyes Only or Highly Confidential - Source Code (Plaintiff)

1  any RiverPay employee committed it; (2) individual defendants Hua and Shi deny committing

2  the alleged refund attack and learned about it through this lawsuit; (3) RiverPay's CEO has no

3  knowledge of the alleged refund attack; and (4) Citcon has no direct evidence – only speculation

4  – that Hua or Shi committed the alleged refund attack, despite having had over a year to

5  investigate.  *See* Elzankaly Decl., Exh. D, pp. 51:13-52:17; Exh. E, pp. 173:18-183:3; Exh. G,

6  pp. 183:19-184:10; Exh. H, pp. 164:6-171:1; Exh. I, p. 228:1-21; Exh. J, pp. 42:11-48:19, 80:20-

7  81:5, 223:18-225:5, 229:1-232:21, 239:8-20 (providing some information about emails allegedly

8  sent to Citcon and the identity of certain merchants for whom refunds were processed, but not

9  about the manner in which the refund attack was allegedly conducted or who was behind it);

10  Exh. K, pp. 74:10-81:1, 90:25-94:14, 101:2-102:6, 155:9-156:9, 175:19-177:16, 197:4-200:21,

11  213:2-214:3 (same); Exh. P, pp. 7:9-8:7; Exh. Q, pp. 7:11-8:9; Exh. R, pp. 15:11-16:23; Exh. T,

12  pp. 19:12-21:3.

13  　　　　　Citcon has presented no evidence that shows Hua, Shi, or any RiverPay employee issued

14  false refunds that resulted in conversion of money from Citcon.  Speculation based on

15  circumstantial allegations about Citcon's "confidential ███████████" is not adequate, and

16  such facts cannot support a conversion claim in any event.  *See UCAR Tech.*, 2018 WL 2555429,

17  at *3-4.  Despite claiming that "[*o*]*utside* Citcon," no one other than Hua or Shi knew the

18  information necessary to carry out the attack (*see* Elzankaly Decl., Exh. R, p. 16:3-8), Citcon

19  must acknowledge that *insiders* and *other former insiders* have the same information.  Moreover,

20  Citcon has failed to provide enough specific information and evidence about the manner in

21  which the alleged attack was carried out to support any conclusion about the significance of its

22  circumstantial allegations.  Citcon has not even produced evidence showing the specific amount

23  of money allegedly taken from its accounts.  *See* Elzankaly Decl., Exh. E, pp. 175:17-177:6; *see*

24  *also*, *e.g.*, Exh. T, pp. 19:12-21:3 (asserting privilege over all documents related to Special

25  Interrogatory 20, regarding the refund attack).  Summary judgment in favor of defendants is

26  warranted.  *See Celotex*, 477 U.S. at 324-25 ("the burden on the moving party may be discharged

27  by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to

28  support the nonmoving party's case."); *Anderson*, 477 U.S. at 249-50 ("If the evidence is *merely*

1  *colorable*, [citation], or is *not significantly probative*, [citation], summary judgment may be

2  granted.") (emphasis added).

3      **IV.    THE UNDISPUTED MATERIAL FACTS SHOW THAT DEFENDANTS
          HUA AND RIVERPAY ARE ENTITLED TO JUDGMENT AS A MATTER**

4          **OF LAW ON COUNT FOUR FOR CONVERSION OF A POS DEVICE.**

5          Citcon's Fourth Count for conversion rests on the claim that, acting for the benefit of

6  RiverPay, Hua took a POS device with him when he was leaving Citcon, and refused to return

7  the device upon request.  *See* ECF 136, ¶¶ 80-81.  The undisputed facts show that Hua was not

8  and is not in possession of Citcon's POS device, although he initially believed he had retained

9  one.  *See* Elzankaly Decl., Ex. D, pp. 185:20-187:9; Exh. E, pp. 138:8-142:3; Exh. S, pp. 2:14-

10  4:13.[4]  Earlier, when Hua initially believed he was still in possession of a POS device provided

11  by Citcon (*see id.*, Exh. D, pp. 185:13-186:15 & Exh. 35 thereto), he said he would return it.  *See*

12  *id.*, Exh. E, pp. 138:8-139:20, 141:9-142:1.  When Hua returned to Canada, however, he

13  discovered he only had an empty box that once contained the device, but not the device itself.

14  *See id.*, Exh. D, p. 186:16-24.

15          Citcon has no evidence to contradict Hua's testimony that he no longer retains one of

16  Citcon's POS devices.  *See* Elzankaly Decl., Exh. E; Exh. F; Exh. S, pp. 2:14-4:13.  Citcon

17  cannot identify the device that Hua allegedly still possesses, or any documents that would

18  contain a record of what POS device, if any, was given to Hua.  *See id.*, Exh. S, pp. 2:14-3:7;

19  Exh. F, pp. 430:12-431:10; Exh. V, p. 5:11-6:30.  To the extent Citcon bases Count Four on the

20  theory that defendants misappropriated software installed on the POS device, such a claim would

21  be duplicative of Counts 1 and 2, and preempted by CUTSA.  *See UCAR Tech.*, 2018 WL

22  2555429, at *3-4; Elzankaly Decl., Exh. F, p. 430:9-11.

23          Because Citcon has produced no evidence showing that it checked out any POS device to

24  Hua that was not returned, and no evidence to contradict Hua's testimony that he discovered he

25  only possessed an empty box upon returning to Canada, Citcon cannot establish that Hua

26

27  _____
    [4] The deposition testimony of Citcon witnesses Eric Yin and Evelyn Yang establish they lack
    personal knowledge about the alleged conversion of the POS device.  *See* Elzankaly Decl., Exh.

28  H, pp. 171:18-173:18; Exh. J, pp. 51:17-52:12, 57:22-58:10.

1  retained possession of a Citcon POS device after he left Citcon, much less that he did so for the

2  benefit of RiverPay.  Summary judgment should be granted for defendants on Count Four.

3  **V.      THE UNDISPUTED MATERIAL FACTS SHOW THAT DEFENDANTS
          HUA AND SHI ARE ENTITLED TO JUDGMENT AS A MATTER OF
4        LAW AS TO COUNT FIVE OF THE UTAC FOR UNFAIR
          COMPETITION.**

5          Citcon's Fifth Count for unfair competition was allowed to proceed on the theory that it

6  was based in part on Citcon's conversion claim for physical taking of the POS device.  *See* ECF

7  98, p. 20:6-13.  As set forth above, Citcon has failed to produce evidence to support either of its

8  conversion theories.  Because its conversion claims fail, Citcon has nothing left to support an

9  unfair competition claim that would not be preempted by CUTSA.  *See Copart, Inc. v. Sparta*

10  *Consulting, Inc.*, 277 F. Supp. 3d 1127, 1157 (E.D. Cal. 2017) ("CUTSA preempts a claim that is

11  based on the same nucleus of facts as the misappropriation of trade secrets claim.") (quoting *K.C.*

12  *Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958

13  (2009)) (internal quotation marks omitted).  Claims based on information such as that described

14  in paragraphs 55 and 56 of the UTAC are preempted regardless of whether or not Citcon

15  ultimately succeeds in establishing that any of its alleged trade secrets actually qualify as such.

16  *See UCAR Tech.*, 2018 WL 2555429, at *3-4 & n.6 (citing *Silvaco Data Sys. v. Intel Corp.*, 184

17  Cal. App. 4th 210, 239, n.22 (2010), *disapproved on other grounds by Kwikset Corp. v. Superior*

18  *Court*, 51 Cal.4th 310, 337 (2011)); *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059,

19  1063-64 (N.D. Cal. 2017).

20          Citcon has no non-preempted theory on which its unfair competition claim may proceed.

21  Defendants are entitled to summary judgment.

22  ///

23  ///

24  ///

25  ///

26  ///

27

28                              **CONCLUSION**

17

1

2

3

For the reasons set forth herein, this Court should grant defendants' motion for summary judgment of Citcon's entire complaint, or alternatively, for partial summary judgment of Counts 1 through 5 of Citcon's TAC.

4

5

DATED:  September 18, 2019

McMANIS FAULKNER

6

7

 /s/ Marwa Elzankaly

MARWA ELZANKALY

8

9

Attorneys for Defendants,
RiverPay Inc., a Canadian corporation,
RiverPay, Inc., a Delaware corporation,
Yue Hua, and Kenny E Shi.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT OF COUNTS 1 THROUGH 5 OF PLAINTIFF'S UPDATED TAC; Case No. 5:18-cv-02585-NC.