FILED

DEC 2 0 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CITCON USA, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>RIVERPAY INC., YUE "YORK" HUA, and<br>KENNY E. SHI,<br><br>            Defendants.<br><br>────────────────────────<br><br>RIVERPAY INC., and KENNY E. SHI,<br><br>            Counter-Claimants,<br><br>   v.<br><br>CITCON USA, LLC, and<br>WEI JIANG,<br><br>            Counter-Defendants. | Case No. 18-cv-02585-NC<br><br>**VERDICT FORM** |

Dated:  December 17, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

**Part One: Plaintiff's Claims**

**I. Misappropriation of Trade Secrets**

   1.  Was Citcon the owner of the following information?

      a.  Source code: Yes ✓  No____

      b.  Transaction information: Yes ✓  No____

      c.  Business plan: Yes ✓  No____

      d.  POS design: Yes ✓  No____

*If your answer to Question 1 is "yes" for any trade secret category, then answer Question 2 for those trade secret categories only. If you answered "no" to all trade secret categories, stop here, answer no further questions in this section, and proceed to Section II, Conversion of POS Device.*

   2.  Was this information secret at the time of the alleged misappropriation?

      a.  Source code: Yes ✓  No____

      b.  Transaction information: Yes ✓  No____

      c.  Business plan: Yes ✓  No____

      d.  POS design: Yes ✓  No____

*If your answer to Question 2 is "yes" for any trade secret category, then answer Question 3 for those trade secret categories only. If you answered "no" to all trade secret categories, stop here, answer no further questions in this section, and proceed to Section II, Conversion of POS Device.*

   3.  Did this information have actual or potential independent economic value because it was secret?

      a.  Source code: Yes ✓  No____

      b.  Transaction information: Yes ✓  No____

      c.  Business plan: Yes ✓  No____

      d.  POS design: Yes ✓  No____

*If your answer to Question 3 is "yes" for any trade secret category, then answer Question 4 for those trade secret categories only.  If you answered "no" to all trade secret*

United States District Court
Northern District of California

2

*categories, stop here, answer no further questions in this section, and proceed to Section*

*II, Conversion of POS Device.*

    4.  Was this information readily ascertainable by proper means at the time of the

        alleged acquisition or use?

        a.  Source code: Yes___ No✓

        b.  Transaction information: Yes___ No✓

        c.  Business plan: Yes___ No✓

        d.  POS design: Yes___ No✓

*If your answer to Question 4 is "no" for any trade secret category, then answer*

*Questions 5 for those trade secret categories only. If you answered "yes" to all trade*

*secret categories, stop here, answer no further questions in this section, and proceed to*

*Section II, Conversion of POS Device.*

    5.  Did Citcon make reasonable efforts under the circumstances to keep the information

        secret?

        a.  Source code: Yes✓ No___

        b.  Transaction information: Yes ✓ No___

        c.  Business plan: Yes✓ No___

        d.  POS design: Yes ✓ No___

*If your answer to Question 5 is "yes" for any trade secret category, then answer*

*Questions 6 through 8 for those trade secret categories only. If you answered "no" to all*

*trade secret categories, stop here, answer no further questions in this section, and proceed*

*to Section II, Conversion of POS Device.*

    6.  Did RiverPay acquire or use the information by improper means?

        a.  Source code: Yes✓ No___

        b.  Transaction information: Yes___ No✓

        c.  Business plan: Yes___ No✓

        d.  POS design: Yes___ No✓

United States District Court
Northern District of California

7. Did Yue "York" Hua acquire or use the information by improper means?

    a. Source code: Yes ✓        No___

    b. Transaction information: Yes___ No ✓

    c. Business plan: Yes___ No ✓

    d. POS design: Yes ✓  No___

8. Did Kenny Shi acquire or use the information by improper means?

    a. Source code: Yes___      No ✓

    b. Transaction information: Yes___ No ✓

    c. Business plan: Yes___ No ✓

    d. POS design: Yes___ No ✓

*If your answers to Question 6 through 8 are "yes" for any trade secret category, then answer Question 9 for those trade secret categories only. If your answers to Questions 6 through 8 are "no" for all trade secret categories, stop here, answer no further questions in this section, and proceed to Section II, Conversion of POS Device.*

9. Was Defendants' improper acquisition or use of the source code a substantial factor in causing Defendants to be unjustly enriched?

    Yes ✓      No___

*If your answer to Question 9 is "yes," then answer Question 10. If you answered "no," stop here, answer no further questions in this section, and proceed to Section II, Conversion of POS Device.*

10. What is Defendants' unjust enrichment from misappropriation of the source code?

    Defendant RiverPay: $ 1.5 million .

    Defendant Yue "York" Hua: $ 0 .

    Defendant Kenny Shi: $ 0 .

## II. Conversion of POS Device

1. Did Citcon have a right to possess the POS Device?

   Yes ✓        No___

   *If your answer to Question 1 is "yes," then answer Question 2. If you answered*
   *"no," stop here, answer no further questions in this section, and proceed to Part Two,*
   *Defendants' Counter-Claims.*

2. Did RiverPay substantially interfere with Citcon's property by knowingly or
   intentionally preventing Citcon from having access to the POS Device (or refusing
   to return the POS Device) after Citcon demanded its return?

   Yes___        No ✓

3. Did Yue "York" Hua substantially interfere with Citcon's property by knowingly or
   intentionally preventing Citcon from having access to the POS Device (or refusing
   to return the POS Device) after Citcon demanded its return?

   Yes ✓   No ___

   *If either of your answers to Question 2 and 3 are "yes," then answer Question 4. If*
   *you answered "no" to both Questions 2 and 3, stop here, answer no further questions in*
   *this section, and proceed to Part Two, Defendants' Counter-Claims.*

4. Did Citcon consent to the interference with its property?

   Yes___        No ✓

   *If your answer to Question 4 is "no," then answer Question 5. If you answered*
   *"yes," stop here, answer no further questions in this section, and proceed to Part Two,*
   *Defendants' Counter-Claims.*

5. Was Citcon harmed by the interference with its property?

   Yes ✓        No___

   *If your answer to Question 5 is "yes," then answer Question 6. If you answered*
   *"no," stop here, answer no further questions in this section, and proceed to Part Two,*
   *Defendants' Counter-Claims.*

6. Was the defendant(s)'s conduct a substantial factor in causing Citcon's harm?

Yes ✓      No___

*If your answer to Question 6 is "yes," then answer Question 7. If you answered "no," stop here, answer no further questions in this section, and proceed to Part Two, Defendants' Counter-Claims.*

7. What are Citcon's damages for conversion of the POS device?

Defendant RiverPay: $___0___.

Defendant Yue "York" Hua: $ 301.76 ___.

## III. Punitive Damages

*If you found that any defendants were liable for trade secret misappropriation of source code, answer the following question. If you did not find that any defendants were liable for trade secret misappropriation of source code, proceed to Question 2.*

1. Has Citcon proved by clear and convincing evidence that RiverPay, Hua, or Shi acted with malice, oppression, or fraud in committing trade secret misappropriation of source code? (Circle all that apply).

   (a.) RiverPay

   b. Yue "York" Hua

   c. Kenny Shi

*If you found that any defendants were liable for conversion of the POS device, answer the following question. If you did not find that any defendants were liable for conversion of the POS device, answer no further questions in this section, and proceed to Part II, Defendants' Counter-Claims.*

2. Has Citcon proved by clear and convincing evidence that RiverPay or Hua acted with malice, oppression, or fraud in committing conversion of the POS device (Circle all that apply).

*If your answer to Question 2 is "yes," then answer Question 3. If you answered "no," stop here, answer no further questions in this section, and proceed to Part Two, Defendants' Counter-Claims.*

a. RiverPay

b. Yue "York" Hua

3. What amount, if any, do you award to Citcon as punitive damages for conversion of the POS device? (The Court will determine the amount of punitive damages, if any, for trade secret misappropriation).

Defendant RiverPay: $_____.

Defendant Yue "York" Hua: $_____.

United States District Court
Northern District of California

### Part Two: Defendants' Counter-Claims

**I. Trade Libel**

1. Did Citcon and/or Wei Jiang harm RiverPay by making an untrue statement to a person other than RiverPay that would be clearly or necessarily understood to have disparaged RiverPay's payment service?

   Yes_____        No___✓

   *If your answer to Question 1 is "yes," then answer Question 2. If you answered "no," stop here, answer no further questions in this section, and proceed to Section II, Defamation.*

2. Who was the statement made by? (Circle all that apply).

   a. Wei Jiang, or

   b. Another agent, officer, or employee of Citcon

3. Did the counter-defendant know that the statement was untrue, or act with reckless disregard of the truth or falsity of the statement?

   Yes_____        No_____

   *If your answer to Question 3 is "yes," then answer Question 4. If you answered "no," stop here, answer no further questions in this section, and proceed to Section II, Defamation.*

4. Did the counter-defendant know, or should the counter-defendant have recognized, that someone else might act in reliance on the statement, causing RiverPay financial loss?

   Yes_____        No_____

   *If your answer to Question 4 is "yes," then answer Question 5. If you answered "no," stop here, answer no further questions in this section, and proceed to Section II, Defamation.*

5. Did RiverPay suffer direct financial harm because someone else acted in reliance on the untrue statement?

   Yes_____        No_____

*If your answer to Question 5 is "yes," then answer Question 6. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section II,*
*Defamation.*

    6.  Was the counter-defendant(s)'s conduct a substantial factor in causing RiverPay's
        harm?

        Yes___        No___

*If your answer to Question 6 is "yes," then answer Question 7. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section II,*
*Defamation.*

    8.  What are RiverPay's damages for trade libel?

        Counter-Defendant Wei Jiang: $_____.

        Counter-Defendant Citcon: $_____.

## II. Defamation

    1.  Did Wei Jiang and/or Citcon make any of the below statements about RiverPay?
        (Circle all that apply).

        (a.)  That RiverPay was not able to provide WeChat Pay services in the United
            States;

        (b.)  That RiverPay had misrepresented its ability to provide payment services in
            the United States;

        (c.)  That RiverPay was under investigation by WeChat Pay; or

        (d.)  That WeChat Pay had suspended RiverPay's license (including in Canada).

        Yes✓        No___

*If your answer to Question 1 is "yes," then answer Question 2. If you answered "no,"*
*stop here, answer no further questions in this section, and proceed to Section III,*
*Intentional Interference with Prospective Economic Relations.*

    2.  Who made the statement(s)? (Circle all that apply).

        (a.)  Wei Jiang

        (b.)  Another agent, officer, or employee of Citcon

*If your answer to Question 2 is "yes," then answer Question 3. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section III,*
*Intentional Interference with Prospective Economic Relations.*

3.  Was the statement(s) made to a person other than RiverPay?

    Yes ✓          No___

*If your answer to Question 3 is "yes," then answer Question 4. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section III,*
*Intentional Interference with Prospective Economic Relations.*

4.  Did that person reasonably understand that the statement(s) was about RiverPay?

    Yes ✓          No___

*If your answer to Question 4 is "yes," then answer Question 5. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section III,*
*Intentional Interference with Prospective Economic Relations.*

5.  Was the statement false?

    Yes___          No ✓

*If your answer to Question 5 is "yes," then answer Question 6. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section III,*
*Intentional Interference with Prospective Economic Relations.*

6.  Did the counter-defendant fail to use reasonable care to determine the truth or
    falsity of the statement(s)?

    Yes___          No___

*If your answer to Question 6 is "yes," then answer Question 7. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section III,*
*Intentional Interference with Prospective Economic Relations.*

7.  Did RiverPay suffer harm to its property, business, profession, or occupation due to
    the statement(s)?

    Yes___          No___

United States District Court
Northern District of California

*If your answer to Question 7 is "yes," then answer Question 8. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section III,*
*Intentional Interference with Prospective Economic Relations.*

8. What are RiverPay's damages for defamation?

    Counter-Defendant Wei Jiang: $_____.

    Counter-Defendant Citcon: $_____.

## III. Intentional Interference with Prospective Economic Relations

1. Was RiverPay and a customer in an economic relationship that probably would
   have resulted in an economic benefit to RiverPay?

   Yes✓      No___

   *If your answer to Question 1 is "yes," then answer Question 2. If you answered*
   *"no," stop here, answer no further questions in this section, and proceed to Section IV,*
   *Breach of Contract.*

2. Did the counter-defendant(s) know of the relationship?

   Yes✓      No___

   *If your answer to Question 2 is "yes," then answer Question 3. If you answered*
   *"no," stop here, answer no further questions in this section, and proceed to Section IV,*
   *Breach of Contract.*

3. Did the counter-defendant(s) make false and defamatory statements about
   RiverPay's payment service?

   Yes___      No✓

   *If your answer to Question 3 is "yes," then answer Question 4. If you answered*
   *"no," stop here, answer no further questions in this section, and proceed to Section IV,*
   *Breach of Contract.*

4. Did the counter-defendant(s) intend to disrupt the relationship or know that
   disruption of the relationship was certain or substantially certain to occur?

   Yes___      No___

*If your answer to Question 4 is "yes," then answer Question 5. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section IV,*
*Breach of Contract.*

    5.  Was RiverPay harmed?

        Yes____         No____

*If your answer to Question 5 is "yes," then answer Question 6. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section IV,*
*Breach of Contract.*

    6.  Was the counter-defendant(s)'s conduct a substantial factor in causing RiverPay's
       harm?

        Yes____        No____

*If your answer to Question 6 is "yes," then answer Question 7. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section IV,*
*Breach of Contract*

    7.  What are RiverPay's damages for intentional interference with prospective
       economic relations?

       Counter-Defendant Wei Jiang: $_____.

       Counter-Defendant Citcon: $_____.

## IV. Breach of Contract

    1.  Did Shi and Citcon enter into a contract?

        Yes√____        No____

*If your answer to Question 1 is "yes," then answer Question 2. If you answered*
*"no," stop here, answer no further questions in this section, and proceed to Section V,*
*Punitive Damages.*

    2.  Did Shi do all, or substantially all, of the significant things that the contract required
       him to do?

        Yes√____        No____

United States District Court
Northern District of California

*If your answer to Question 2 is "yes," then answer Question 3. If you answered "no," stop here, answer no further questions in this section, and proceed to Section V, Punitive Damages.*

3. Did all of the conditions required in order for Shi's 150,000 shares of capital interest to vest on September 1, 2017, occur?

   Yes✓        No____

*If your answer to Question 3 is "yes," then answer Question 4. If you answered "no," stop here, answer no further questions in this section, and proceed to Section V, Punitive Damages.*

4. Did Citcon fail to do something that the contract required Citcon to do?

   Yes✓        No____

*If your answer to Question 4 is "yes," then answer Question 5. If you answered "no," stop here, answer no further questions in this section, and proceed to Section V, Punitive Damages.*

5. Was Shi harmed?

   Yes✓        No____

*If your answer to Question 5 is "yes," then answer Question 6. If you answered "no," stop here, answer no further questions in this section, and proceed to Section V, Punitive Damages.*

6. Was Citcon's conduct a substantial factor in causing Shi's harm?

   Yes✓        No____

*If your answer to Question 6 is "yes," then answer Question 7. If you answered "no," stop here, answer no further questions in this section, and proceed to Section V, Punitive Damages.*

7. What are Shi's damages?

   $ 29,999.99 _____

United States District Court
Northern District of California

United States District Court
Northern District of California

## V.   Punitive Damages

*If you found that any counter-defendants were liable for trade libel, defamation, or intentional interference with prospective economic relations, answer the following question.  If you did not find that any defendants were liable for trade libel, defamation, or intentional interference with prospective economic relations, answer no further questions.*

1. Has RiverPay proved by clear and convincing evidence that, in committing trade libel, defamation, and/or intentional interference with prospective economic relations, Wei Jiang or Citcon acted with malice, oppression, or fraud? (Circle all that apply).

   a.  Wei Jiang

   b.  Citcon

   *If your answer to Question 1 is "yes," then answer Question 2*

2. What amount, if any, do you award to RiverPay as punitive damages?

   Counter-Defendant Wei Jiang: $_____.

   Counter-Defendant Citcon: $_____.

Signed: _Aditya Palande_
                Presiding Juror

Date: _12/20/2019_

**When complete, notify the Courtroom Deputy.**

14