1  JAMES McMANIS (40958)
   ELIZABETH PIPKIN (243611)
2  CHRISTINE PEEK (234573)
   McMANIS FAULKNER
3  a Professional Corporation
   50 West San Fernando Street, 10th Floor
4  San Jose, California 95113
   Telephone:    (408) 279-8700
5  Facsimile:    (408) 279-3244
   Email:        epipkin@mcmanislaw.com
6
   Attorneys for defendants and counter-claimants,
7  RiverPay Inc., a Canadian corporation,
   RiverPay, Inc., a Delaware corporation,
8  and Kenny E Shi, and defendant Yue ("York") Hua

9                   UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | CITCON USA LLC,                                  | Case No. 5:18-cv-02585-NC

13 |          Plaintiff,                              | **REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR RIVERPAY INC., A CANADIAN CORPORATION, AND RIVERPAY, INC., A DELAWARE CORPORATION**
14 |      v.                                          |
15 | RIVERPAY INC., a Canadian corporation,           |
   | RIVERPAY, INC., a Delaware corporation,          |
16 | YUE HUA, a.k.a., YORK HUA, an individual,        | **Date**:   February 26, 2020
   | KENNY E SHI, an individual, and DOES 1           | **Time**:   1:00 p.m.
17 | through 20,                                      | **Ctrm**:   5, 4th Floor
                                                      | **Judge**:  The Hon. Nathanael Cousins
18 |          Defendants.                             |

19

20 | RIVERPAY INC., a Canadian corporation,
21 | RIVERPAY, INC., a Delaware corporation,
   | and KENNY E SHI, an individual,
22
   |          Counter-Claimants,
23
   |      v.
24
   | CITCON USA, LLC, a California limited
25 | liability company, WEI JIANG, an individual,
   | and DOES 1 through 20,
26
   |          Counter-Defendants.
27

28

REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL; Case No. 5:18-cv-02585-NC

1    On January 10, 2020, McManis Faulkner and all of its attorneys who have appeared in
2 this action filed a motion to withdraw as counsel for defendants and counter-claimants RiverPay
3 Inc., a Canadian corporation, and RiverPay, Inc., a Delaware corporation. The motion was made
4 on the grounds that circumstances had arisen that make it unreasonably difficult for McManis
5 Faulkner to carry out the representation, specifically, that defendants had breached the agreement
6 of representation with respect to the payment of legal fees.
7    Since January 10, 2020, the circumstances have not improved with respect to defendants'
8 failure to pay, and breach of their agreement to pay legal fees. McManis Faulkner devoted a
9 substantial amount of resources to the trial in this matter, for which the firm has not received
10 payment. It will impose a substantial hardship on McManis Faulkner to continue representation
11 without payment.
12    Plaintiff and counter-defendant Citcon USA LLC ("Citcon") and counter-defendant Wei
13 Jiang ("Jiang") recite the local rules regarding withdrawal, as well as other considerations
14 identified in case law, but fail to show McManis Faulkner lacks good cause to withdraw, or that
15 Citcon and Jiang would be prejudiced by withdrawal.
16    "The failure of a client to pay attorney's fees provides a sufficient basis on which to grant
17 a request to withdraw from representation." *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL
18 (AGRx), 2013 WL 3168269, at *2 (C.D. Cal., June 19, 2013); *see also Kannan v. Apple Inc.*, No.
19 5:17-cv-07305-EJD, 2020 WL 75942, at *2 (N.D. Cal., Jan. 7, 2020). The breach of an
20 agreement to pay fees also justifies withdrawal of counsel, as set forth in Rule 1.16(b)(5) of the
21 California Rules of Professional Conduct. *See Kannan*, 2020 WL 75942, at *2. Citcon and
22 Jiang cite no authority in support of their apparent position that the specific amount owed or
23 length of time in breach must be stated.
24    Citcon and Jiang also complain that the RiverPay corporate defendants can only appear
25 through counsel, but this is not a valid basis to deny a motion to withdraw when good cause
26 appears for withdrawal. Even where it was "not clear" that counsel informed a corporate client
27 that it must retain new counsel, a Northern District court still granted a motion to withdraw,
28 subject to Civil Local Rule 11-5(b). *See Frazier v. Am. Credit Resolution, Inc.*, No. 18-cv-

1
REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL; Case No. 5:18-cv-02585-NC

07729-TSH, 2019 WL 3554505, at *2 (N.D. Cal. Aug. 5, 2019); *see also Madison v. Fonar Corp.*, No. C-07-04211 RMW, 2009 WL 195897, at *1 (N.D. Cal. Jan. 23, 2009). Citcon and Jiang cite *CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-CV-02999 MCE (KJM), 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009), but both the basis for, and timing of, the motion to withdraw were different in that case. Therefore, it does not control.

There is no prejudice to Citcon and Jiang from withdrawal. Trial in this matter has concluded. Citcon's opposition to defendants' Rule 50(b) motion and motion to reopen the evidence are due to be filed today. Defendants' post-trial motions are scheduled to be heard on February 26, 2020, the same day as the motion to withdraw. *Estate of Gordon v. EGT Tech.*, No. 09-CV-0034-TOR, 2012 WL 12965856, at *1 (E.D. Wash. Sept. 5, 2012),[1] cited by Citcon and Jiang, is not on point because there are no other pending motions on file. The only other tasks that remain are entry of judgment and ruling on the outstanding motions, including defendants' pending sanctions motions, which have already been heard.

For all these reasons, Citcon and Jiang's opposition lacks merit, and the motion to withdraw should be granted.

DATED: January 31, 2020

McMANIS FAULKNER

/s/ Elizabeth Pipkin
ELIZABETH PIPKIN

Attorneys for Defendants and Counter-Claimants

---

[1] Citcon and Jiang also cite *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010), but this case is specifically designated "NOT FOR CITATION" and therefore "may not be cited to this Court, either in written submissions or oral argument, except when relevant under the doctrines of law of the case, res judicata or collateral estoppel." Civ. L.R. 3-4(e); *see also* Civ. L.R. 7-14. In any event, this case is not controlling because this Court presumably will not rule on any motion to withdraw until after the February 26, 2020 hearing on the post-trial motions and after entry of judgment.